## 30445. BROWN v. THE STATE.

NICHOLS, Chief Justice.

Jeanne Brown was indicted, tried and convicted for the murder of her husband, George Ray Brown, by cutting and stabbing him with a knife. She was sentenced to life imprisonment and, after a motion for new trial was overruled, the present appeal was filed. The defendant testified under oath that the victim, while in a drunken condition, fell against a knife that she was holding and that she did not intend to kill him. The knife penetrated the victim's chest some four inches and punctured three of the four chambers of the heart. The defendant's testimony as to the drunken condition of the victim was corroborated by blood tests. The defendant also testified that after the victim arrived at their apartment in a drunken condition she was gone for 15 or 20 minutes when she went to the grocery store, that later he lay down on the bed for a period of time estimated between 45 minutes and an hour and a half, when he got up he wanted more to drink, that he got up and stumbled toward her while she was holding the knife. The manager of the apartments where the victim and the defendant lived testified that her apartment was immediately above that of the Browns; that from the time he arrived home at approximately 5:30 p.m. until shortly before she was notified that the victim was hurt (approximately 9:30 p.m.), the victim and the defendant were "fussing" continuously. She further testified that the defendant's seven-year-old son came to her apartment and said "Momma said to come, something happened to Daddy," that she went to the defendant's apartment and then called an ambulance.

Approximately three hours after the incident, the defendant gave a written statement which read in part as follows: "Early this evening about 6:30 p.m., George came home and he had been drinking. I told him I was going to leave Rusty there with him so I could go up to the corner and call my sister Jackie to tell her I would pay her the money I owed her when I got my check. When I got back home, George was singing very loud and tormenting my son Rusty. When I got back to the house, I asked George to go to bed and he lay down for awhile. Then I drank about

2-3 beers to calm down and I sat down with Rusty and watched t.v. then George got back up and in his own way, he just began to torment Rusty and I. He said to me 'Why don't you just tell me to leave' so finally I told him to just go ahead and leave and Rusty and I would make it without him. He just kept on tormenting us so I went to the kitchen and got a little knife and I thought if I could just show him the knife, I could scare him and maybe he would quit and just leave. When I came into the bedroom with the knife, he saw the knife and just started towards me to get the knife away from me. I thought I had just hit his shirt and the next thing I knew, he was bleeding. Then I tried to help him and he wouldn't talk to me. He was breathing real hard so I sent Rusty upstairs to get the landlady. Then I got scared and I took the knife and washed it off and wiped it with a little rag. Then the ambulance came and I asked them to hurry and take him to the hospital so I left Rusty with the manager and went to the hospital with George in the ambulance."

1. The first enumeration of error to be considered (No. 3) contends that the trial court erred in permitting the defendant's statement to be introduced in evidence. A Jackson v. Denno hearing was held at which the state introduced evidence which authorized the finding by the trial court that such statement was voluntarily given. Compare *High v. State,* 233 Ga. 153 (210 SE2d 673) (1974).

2. The defendant enumerates as error the failure of the trial court to instruct the jury "on the theory of involuntary manslaughter."

At the conclusion of the evidence and prior to the court charging the jury, the following occurred: "The Court: I would like to ask you if you wish the Court to charge on voluntary manslaughter. Mr. Carpenter: No, sir. This is either murder or innocence. The Court: Is that what you want? Mr. Carpenter: We feel like it is the only thing, that this is a tragic accident. The Court: Well, I will charge accident, of course. . . You just want murder and not voluntary manslaughter. Mr. Carpenter: Right, and also character. The Court: There will be character. It would be error if I did not charge that. Let the record show that counsel for the defendant has requested the Court not

to charge on voluntary manslaughter or involuntary manslaughter in any degree." Under these circumstances it was not error to fail to charge on involuntary manslaughter. Compare *Edwards v. State,* 235 Ga. 603 (1975).

3. The evidence authorized the verdict and the judgment of the trial court overruling the defendant's motion for new trial must be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 28, 1975 — DECIDED JANUARY 6, 1976.

*John S. Carpenter, Gene Burkett,* for appellant.

*Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.

