## 31632. SMITH v. THE STATE.

JORDAN, Justice.

Briant Eric Smith was convicted of the murder of Paul Eugene Baker, and sentenced to life imprisonment. He appeals his conviction and sentence.

The appellant was seventeen years of age at the time of the homicide. He and several other persons were at the apartment of David Stephens. Paul Eugene Baker and his brother, Barney Roy Baker, drove into the parking area of the apartment about midnight, expecting to attend a party there. Stephens, whose apartment was on the second floor, came out his kitchen door and asked who it was, and when Barney Baker gave his name, Stephens said, "That's all right." The shot which killed Paul Eugene Baker was fired by appellant just as Stephens finished speaking.

The only witness for the state who was in Stephens' apartment when the homicide occurred was James Parrott. He was seventeen years of age. He testified that: He had been at the apartment for several hours prior to the homicide, and had seen three guns in the apartment. A rifle was lying on a sofa. When a car was driven up to the apartment area, Stephens went to the kitchen and the witness followed him. He saw the appellant pick up the gun from the sofa. When he heard a shot fired he looked in the living room and saw the appellant sitting in a chair in front of the window with the gun in his hand. The appellant said, "I shot him."

The appellant testified that: He was born right-handed, but lost his right hand in an electrical accident, and he does not have the ability to use his left hand that he had with his right hand. On the night of the homicide he got to Stephens' apartment between 5:00 and 6:00, and ate a meal there. Later he sat in a chair by the window watching television. He went to the kitchen to get some water and carried a large bottle of water back to the living room. When he came back to the chair where he had been sitting, a gun was lying on the arm of the chair and the windowsill. He picked the gun up and it slipped out of his hand. He grabbed it and when he did, the gun went off. He heard someone outside saying, "He has been shot. Call the ambulance." When he heard that he said, "Oh, my God. I shot him." He did not know the deceased or his brother and had no animosity toward them. He had no intent that night to harm anyone. He went outside to the place where the wounded man lay. He was there when the police officers arrived, but did not tell them anything. The next day he went to the home of an uncle in Pembroke, Georgia. On the day of the homicide, prior to the shooting incident, he went with Stephens and others to a restaurant where Stephens used a telephone to call a girl named Pam, who had told the appellant to tell Stephens to call her. He asked Stephens what Pam wanted, and Stephens said "that she wanted to talk to him or something, and he said that he called somebody else, I'm not sure who, but somebody named Joe from Adairsville was comin' down to get Vicki. . . And she said shoot Dave."

1. Enumerated error 1 (a) complains of the failure of

the trial judge to charge the jury on the crime of involuntary manslaughter.

Prior to the introduction of evidence in the case the trial judge discussed with defense attorney the charge to be given in the case, and defense attorney stated that they would want a charge on accident, but that involuntary manslaughter was not involved. It was not error for the judge to fail to charge on involuntary manslaughter. *Brown v. State,* 235 Ga. 806 (2) (221 SE2d 580) (1976).

2. Enumerated error 1 (b) objects to a portion of the charge which was substantially in the language of Code Ann. § 26-601, defining a crime, and § 26-602, stating the rule on misfortune or accident (Ga. L. 1968, pp. 1249, 1269), because of the use of the term "criminal negligence." It is argued that criminal negligence was not an issue in the case and should not have been charged.

The words "criminal negligence" are an integral part of the definition of a crime, and were properly included in the charge on § 26-601. The appellant requested the charge of § 26-602 in its entirety.

3. In enumerated error 1 (c) it is asserted that the charge on circumstantial evidence was incorrect, misleading, and prejudicial, in that after charging the correct rule on circumstantial evidence, the judge instructed the jury that they should disregard this rule if they found direct evidence of guilt.

Since the appellant admitted that he shot the deceased, there was direct evidence from which the jury could have found his guilt, and a charge on circumstantial evidence was not required. *Fields v. State,* 221 Ga. 307 (3) (144 SE2d 339) (1965). The charge given on circumstantial evidence, followed by the instruction in the present case, would not require the grant of a new trial.

4. Enumerated error 1 (d) asserts that it was error for the trial judge to allow the prosecutor to argue conspiracy, over objection of defense counsel, when there was no evidence of conspiracy and it was not an issue in the case.

It is difficult to understand the purpose of the prosecuting attorney in his remarks to the jury on conspiracy. At the beginning of these statements he

announced: "Obviously, there is no way to prove a conspiracy." His discourse appeared to explore the possibility of later action by the grand jury against other persons in the apartment at the time of the homicide.

The appellant was the person who shot the deceased, and he was not charged with the crimes of others on the basis of conspiracy. We conclude that the discussion on conspiracy, while irrelevant, was harmless to the appellant.

5. Enumerated error 2 complains that the trial judge improperly limited the right of defense counsel to question potential jurors on voir dire.

Counsel proposed to ask jurors if they would be reluctant to follow anticipated instructions of the judge on the presumption of innocence, reasonable doubt, and misfortune or accident. The trial judge did not abuse his discretion in preventing counsel from asking these questions. *McNeal v. State,* 228 Ga. 633, 635 (3) (187 SE2d 271) (1972).

6. There is obviously no merit in the contention made in enumerated error 4, that the trial judge improperly charged on accident, the basis of the contention being that in charging Code Ann. § 26-602 the judge did not give the title, "Misfortune or accident not a crime."

7. The final error enumerated is that the court erred in overruling the ground of the appellant's motion for new trial asserting that the verdict was contrary to the principles of equity and justice.

The appellant in his brief lists nine instances of alleged improper conduct of the prosecuting attorney, and one instance of alleged show of prejudice by the trial judge against the appellant. It is asserted that a combination of all of these instances prevented the appellant from receiving a fair trial.

We have examined the instances pointed out in this argument and find no merit in this enumerated error.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 13, 1976 — DECIDED JANUARY 5, 1977.

*Fink, Young, Meyers & McLam, David H. Fink, Charles M. Richards,* for appellant.

*Lewis R. Slaton, District Attorney, Donald J. Stein, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.