## 61255. JENKINS v. THE STATE.

McMURRAY, Presiding Judge.

This appeal is from defendant's conviction of the offense of armed robbery. Defendant's motion for new trial was filed, amended and denied. Defendant appeals. *Held:*

1. Defendant contends that the verdict is contrary to the weight of the evidence and that his identity as the perpetrator of the armed robbery in question was not shown by evidence sufficient to satisfy the mind and conscience beyond a reasonable doubt. The state's evidence included two witnesses who positively identified defendant as the man who had robbed them at gunpoint. One of these witnesses

had previously picked the defendant out of a photographic lineup while the other witness who failed to make an identification at the lineup testified that she recognized the defendant at the time of the lineup but failed to identify him because of fear arising from the fact that the lineup was conducted in a room where those in the lineup could see and hear the witnesses and that she lived alone. Another witness, the store manager, was unable to make an identification, and testified, "I saw his face, yes. But as I say, it was more or less a profile," that is, just from the side.

The defendant through his testimony and testimony of another witness presented an alibi defense. Defendant also called as a witness a fourth store employee who testified that she could not positively identify the defendant as the robber. However, on cross examination this store employee conceded that she had told prosecuting counsel that she was about as positive of the defendant being the robber as she could be of anything.

The resolution of any conflict in the evidence is for the jury. Although all of the state's witnesses present at the time of the armed robbery were not able to identify the defendant this does not amount to a conflict in the state's evidence as the defendant asserts. It was for the jury to determine whether to accept the testimony of those state's witnesses who testified that they were able to positively identify the defendant.

Upon a careful review of the trial transcript and record we find, and so hold, that a rational trier of fact (the jury in the case sub judice) was authorized by the evidence presented to conclude and find beyond a reasonable doubt that the defendant was guilty of armed robbery. See *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628).

2. In charging the jury the trial court gave a complete and proper charge as to the offense of armed robbery and also charged as to the lesser included offense of robbery by intimidation. The jury after being charged retired and after consideration returned a verdict in improper form of "guilty of armed robbery *with* intimidation." (Emphasis supplied.) The trial court then addressed the foreman of the jury and restated the three forms of verdict given in the charge. The trial court then began a sentence stating, "Of course, this does not—" at which point the foreman interrupted and injected, "Well, it was guilty of armed robbery, Judge. We thought that that's what you said." The jury was then directed to return to the jury room and write the verdict in proper form, which they did, returning a verdict of guilty of armed robbery. The jury was then polled, each member of the jury affirming the verdict was the verdict of each.

At that point in time the defense counsel objected to the form of the verdict, taking the position that the trial court should have reinstructed the jury on robbery by intimidation and that the jury should have reconsidered the verdict as apparently there was some question as to whether they wanted to find "robbery by intimidation" or "armed robbery." After some colloquy between the trial court and counsel, the trial court recharged the jury as to the elements of the offenses of armed robbery and robbery by intimidation, also charging the jury as to those circumstances under which they should return a verdict of not guilty.

The recharge of the trial court instructed the jury that the recharge was given because there was some confusion as to the way the verdict should be written. Also, there might have been some confusion as to the definition of the offenses and to be absolutely sure that they understood the difference between the two offenses charged. The jury was instructed to return to the jury room and write their verdict again "either as it is now or in one of the other two forms that I have instructed you about so that there will be no question." The jury again returned a verdict of guilty of armed robbery.

Defendant contends that the colloquy between the trial court and foreman of the jury prior to the recharge irreversibly prejudiced the jury. Defendant argues that the foreman's statement that "Well, it was guilty of armed robbery, Judge. We thought that's what you said," made it impossible for the jury to go back out and find robbery by intimidation knowing that they would be subject to poll and having to dispute what the jury foreman had said.

We cannot agree with defendant's contention that the jurors were chilled into bringing back any verdict except guilty of armed robbery. The recharge by the trial court, as to the elements of the offenses of armed robbery and robbery by intimidation as well as the explanation of the three alternative verdicts which the jury might return, including not guilty, was both preceded and followed by the trial court's explanation that the jury was free to return any of the 3 verdicts and that the recharge was not intended to suggest what the verdict might be but was only to erase any doubt as to the jurors' intent.

We find no expression by the trial court as to its approval or disapproval of the verdict and that it was unlikely that the remark of the foreman was of such a nature or made under circumstances which may be reasonably anticipated to overcome the will of the remaining jurors. This is particularly true in the light of the clear instructions of the trial court on the recharge that the jury was free to return whichever verdict they might choose.

3. The defendant enumerates as error the trial court's curtailing

of defense counsel's inquiry on voir dire as to whether the prospective juror would be compelled to convict a defendant when the only evidence against that defendant was one person's eyewitness identification. The defendant contends that the trial court abused its discretion in ruling that question improper and thereby limiting the scope of voir dire.

Code Ann. § 59-705 (Ga. L. 1949, p. 1082; 1951, pp. 214, 215) provides in part that in criminal cases counsel for either party "shall have the right to inquire of the individual jurors examined touching any matter or thing which would illustrate any interest of the juror in the cause, including any opinion as to which party ought to prevail, the relationship or acquaintance of the juror with the parties or counsel therefor, any fact or circumstance indicating any inclination, leaning or bias which the juror might have respecting the subject-matter of the suit, or counsel or parties thereto, and religious, social and fraternal connections of the juror."

Although examination of prospective jurors by counsel is very broad under this statutory provision, the trial judge still retains the discretion to limit the examination to questions dealing directly with the specific case and to prohibit general questions and in particular those questions of law which the jurors would have to consider and determine from the evidence. *Hill v. State,* 221 Ga. 65 (8), 69 (142 SE2d 909). We find no abuse of discretion in the trial court's limiting the examination of the prospective jurors so as to prevent defense counsel from making this inquiry which could only be answered in the light of the evidence yet to be presented at trial.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 2, 1981 —

*Walter J. Lane, Jr.,* for appellant.

*W. Donald Thompson, District Attorney, Charles H. Weston, Willis B. Sparks, Assistant District Attorneys,* for appellee.