## 61903. HEAD v. THE STATE.

BIRDSONG, Judge.

Bobby Head appeals from a conviction of violation of the Georgia Controlled Substances Act for selling 15 tablets of methaqualone. *Held:*

1. The trial court did not err in denying appellant's request for funds for appointment of experts to study the petit and grand jury selection process for challenge. The appellant was not shown to be impoverished and entitled to public funds. The trial court's discretion in appointment of experts was not abused. *Patterson v. State,* 239 Ga. 409, 420 (238 SE2d 2).

2. Appellant contends the trial court erred in overruling appellant's demurrer to the indictment and motion for directed verdict on grounds that since both the Controlled Substances Act (Code Ann. § 79A-807 (b)) and the Dangerous Drug Act (Code Ann. § 79A-703) proscribe and punish the offense of sale of methaqualone, appellant was entitled to be indicted for and convicted and punished for the offense as a misdemeanor under the Dangerous Drug Act. The trial court did not err. The offense of sale of methaqualone as proscribed and made a misdemeanor by the Dangerous Drug Act, Title 79A-7, is not an included offense of the sale of methaqualone as proscribed and made a felony by the Controlled Substances Act, Title 79A-8. The purposes of the two Acts and the legislative intent in enacting them are different. Different facts and elements must be proved when proving the offense under either Act (Code Ann. § 26-505) even though the sale of methaqualone is the gravamen of each offense. The Controlled Substances Act in operation at the time of the offense in this case made clear that the penalties of the Act were intended to supervene any other penalties or sanctions otherwise authorized by law; although the statute refers to civil penalties, it is clear the legislature intended that no conflict was to be inferred between the penalties of the Act and any other penalties of the law. See Code Ann § 79A-823. The state indicted appellant for violation of the Controlled Substances Act as was its right, and since sale of methaqualone under the Dangerous Drug Act is not an included offense, appellant had no vested right to be tried for that offense and no right to be sentenced as for a misdemeanor. We do not have here "two sections of a statute providing punishment or penalty for the same act or offense," where the section providing the lesser penalty should prevail. *Aycock v. State,* 146 Ga. App. 489, 495 (246 SE2d 489). We have two different statutes in two different acts designed, for different reasons of policy, to prohibit different offenses, though each may be occasioned by the same kind of event.

3. Appellant was not entitled to a dismissal on the grounds that the state and its officers who made the case had a personal and pecuniary interest. Motives and personal interests of all witnesses are subject to examination in the proper case, are matters of impeachment only, and go only to the credibility of the witness. For the same reasons, appellant was not entitled to a new trial on newly discovered "evidence" concerning activities and policies of the GBI. Such "evidence" was comprised of newspaper articles. See Rules and Regulations of the State Bar of Georgia, Directory Rule 7-106(c)) (1) (7); Ethical Consideration 7-4g.

4. Appellant was not entitled to suppression, as irrelevant, of evidence tending to show flight. *Curtis v. State,* 102 Ga. App. 790, 796 (118 SE2d 264).

Appellant was not entitled to the charge that flight to avoid arrest is not inconsistent with innocence, because the jury could determine that appellant's flight was inconsistent with innocence. Likewise, the appellant was not entitled to be instructed that eyewitness identification is inherently unreliable. That is not the law. The jury was well and fully charged as to its obligations with regard to credibility of the witnesses, and as to the burden of the state to prove its case beyond a reasonable doubt. *Heard v. State,* 141 Ga. App. 666 (234 SE2d 83). Appellant further contends the trial court erroneously shifted the burden of proof to the defendant by charging that the jury should acquit if it found the defendant's denial of guilt to be true. This contention is without merit. The trial court repeatedly and emphatically instructed the jury that the appellant "enters upon the trial of this case with a presumption of innocence in his favor [and] this presumption stays with him until and unless the state, by credible evidence, convinces you beyond a reasonable doubt that the defendant is guilty. . . . The burden is upon the state to prove to the satisfaction of your minds beyond a reasonable doubt all the material allegations. . . . The burden is on the state to prove that defendant is guilty of the crime. . . . He does not have to prove his innocence. The burden of proving the defendant guilty beyond a reasonable doubt never shifts from the state. . . ." The trial court repeated and elaborated on these principles throughout the charge as to every element of the state's case, and repeatedly charged the jury that if their minds were waivering, unsettled, uncertain or unsatisfied, this constituted a reasonable doubt and the "defendant is entitled to the benefit of such doubt and you must acquit him." The trial court's closing remark that "the defendant sets up his plea of not guilty and his testimony that he is guilty of no offense. He says he did not commit the offense alleged in the indictment. If you find that to be true, you should acquit the defendant" must therefore be seen, in the

context of the entire charge, as referring to the existence of a reasonable doubt. It is highly probable that the instruction did not contribute to the judgment. *Hamilton v. State,* 239 Ga. 72, 77 (235 SE2d 515); *Kirkland v. State,* 141 Ga. App. 664 (234 SE2d 133).

5. Appellant was not entitled to dismissal of the indictment or other relief on grounds that he had been excluded from a proceeding in which the trial judge heard a motion and chastised defense counsel, while accusing counsel of violating appellant's rights. The record clearly shows that if appellant was excluded from any proceeding it was because his own counsel presented a motion in the appellant's absence after the appellant, in effect, sought to be excused because of physical discomfort. Moreover, no harm was shown. (See, as to appellant's presence at proceedings, *Davis v. State,* 135 Ga. App. 203 (2) (217 SE2d 343)). The judge did not consider the motion but deferred consideration until the appropriate time during trial. The judge expressed concern that the proliferation of motions filed after arraignment and up to the day of trial, which this was, was an interference with appellant's right to speedy trial. If appellant by his absence was deprived of the benefit of this advice, we trust appellant's counsel relayed it to him. In any case, there is no claim that appellant was deprived of the assistance of competent counsel, or that his right to speedy trial was violated by his own counsel; hence, we cannot see that the question is properly before us or that the appellant suffered any harm.

It is well settled that bias or prejudice of a trial court against a party's attorney is not per se grounds for disqualification of the judge from the case. *Mann v. State,* 154 Ga. App. 677, 678 (269 SE2d 863). There is no allegation or evidence that the trial judge bore any bias or prejudice towards the appellant. The motion to recuse was heard by a second judge, and denied (see *State v. Fleming,* 245 Ga. 700 (267 SE2d 207)). No abuse of discretion in that ruling appears.

6. Defense counsel's conduct of voir dire was not improperly limited. The defense was not entitled to ask whether the jury would be able to follow the instructions of the trial court (*Smith v. State,* 238 Ga. 146 (231 SE2d 757)), nor to inquire about previous jury service in a form of question not tending to elicit any interest or bias of the jury respecting the subject matter of this case. *Frazier v. State,* 138 Ga. App. 640 (2b) (227 SE2d 284). The defense was not limited to questions requiring a "yes" or "no" answer, but was given great latitude in asking relevant questions. The defense was not prohibited from asking a juror relevant questions about his previous criminal investigative experience. Appellant was not entitled to have the police chief's aunt excused for cause *(Spence v. State,* 238 Ga. 399, 400 (233 SE2d 363); *Durham v. State,* 129 Ga. App. 5 (3) (198 SE2d 387)).

Directly contrary to the assertion of the defense, the transcript plainly shows the trial court never at any time "importuned defendant to waive his own presence and assistance of counsel in selecting the jury or conducting the voir dire." The record clearly shows that when the case was first called for trial, defense counsel asked for a continuance based on the appellant's having had a tooth pulled. The trial judge pointed out that he was scheduled to try cases in other counties for the remainder of the term and that the next term of court was six months away, and then the trial judge indicated concern for appellant's right to speedy trial. Defense counsel said appellant would be ready for trial "tomorrow." The trial court asked: "Is he in shape to pick a jury this afternoon?" Appellant's counsel responded: "I don't believe he is, Judge, but we — if I could consult with him or *he might be willing to waive his being in shape to do that.*" (Emphasis supplied.) The judge then suggested counsel confer with his client; counsel did so and then requested the jury be picked the following day. The trial judge said: "The bond just went up to $50,000 and I will pick the jury tomorrow. . . . I may not get to this case this week but I will increase the bond to $50,000. You may go with the Sheriff."

To this, defense counsel contends on appeal that the trial judge's "threat to hold defendant's trial off for six months, raising his bond, asking him to waive either his presence or competent counsel while picking the jury . . . will dispel any notion that his purpose [in excusing the ailing appellant from the courtroom] was to assure the defendant's physical comfort . . . [and] hardly bespeaks a benign purpose."

Under no rational view of these proceedings can it be imagined that the trial judge importuned the appellant to waive presence of counsel while picking the jury, or threatened to hold the trial off six months. We view with serious disfavor, as trifling with this court and subject to contempt, arguments of counsel which attempt to misrepresent or distort occurrences so as to gain appellate advantage, and the more so where the object in doing so is to prejudice this court against the integrity or motives of the trial judge. (See State Bar Rules & Regulations, Rule 3-107, EC 7-1; Rules of Court of Appeals, Rule 10.)

7. Appellant was not entitled to suppression of the identification of him by two GBI agents on grounds that their identifications were tainted by viewing him as he was brought into the courtroom for trial. This contention would prevent a trial from ever taking place with the defendant present. There was no substantial likelihood of misidentification in this case. See *Bradley v. State,* 148 Ga. App. 722 (252 SE2d 648).

8. Appellant contends that reversible error is contained in several arguments and statements of the district attorney. The district attorney asked one alibi witness: "Do you think we want to waste our time charging innocent people?" The district attorney was attempting to impeach the alibi witness' testimony by showing that the witness, a good friend of the appellant, failed to advise the prosecution that appellant had been at a birthday party instead of at another juke joint selling methaqualone. The question was ill-formed and argumentative, but it was not error. See, as to impeachment value, *Johnson v. State,* 235 Ga. 355 (219 SE2d 430). The district attorney's comment in argument that an innocent person would have contacted the prosecution to say that he could not have committed the crime because he had been elsewhere, was not error. This is a reasonable, permissible inference based on the evidence. The comment did not involve a failure to give the alibi upon arrest when the defendant has a right to remain silent; it was not an attack upon a defendant's exercise of that constitutional right, as in *Clark v. State,* 237 Ga. 901 (230 SE2d 277) and as in *Lowe v. State,* 136 Ga. App. 631, 634-635 (222 SE2d 50). It was a comment on the evidence that appellant fled after commission of the crime and remained at large for several months until he was arrested in another state, and then later gave an alibi. Compare *Johnson v. State,* supra. Contrary to appellant's contention, it is quite clear from the record that the district attorney never implied to the jury that he would have dismissed the charge if he had been told of defendant's alibi. It was not error for the district attorney to argue that it was the jury's duty to convict to stem the drug problem in the area. *Chambers v. State,* 134 Ga. App. 53, 54 (213 SE2d 158). The district attorney did not ask the jurors to rely on their own personal knowledge of a fact not in evidence; and in any case appellant did not object to the argument.

9. Appellant's sentence was within statutory limits. *Jones v. State,* 219 Ga. 848, 856 (1) (136 SE2d 358); *Curtis v. State,* supra, p. 796.

10. Appellant contends the trial court erred in denying defendant's request for impeaching information and in refusing to dismiss the proceeding or grant an extraordinary motion for new trial when it was discovered that the prosecution had withheld information corroborating defendant's alibi and had then argued that the absence of that very corroborating evidence pointed to guilt. There is clearly no error. The affidavit submitted by appellant's counsel purporting to show newly discovered evidence is insufficient to serve as grounds for new trial. Among other requirements, "the affidavit of the witness himself should be procured or its absence accounted for." *Bell v. State,* 227 Ga. 800, 805 (183 SE2d 357). The

only affidavit here is one by defense counsel repeating what he had been "informed," not even by the newly-discovered witness. The appellant, in the absence of a showing that the state actually had such evidence, cannot show that any material exculpatory evidence was withheld, under *Barnes v. State,* 157 Ga. App. 582 (277 SE2d 916).

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 16, 1981 —
REHEARING DENIED OCTOBER 13, 1981 — 

*Reber Boult, Al Horn,* for appellant.
*Arthur E. Mallory III, District Attorney, Gerald S. Stovall, Assistant District Attorney,* for appellee.