## 73786. HOLT v. THE STATE.
### (354 SE2d 167)

BIRDSONG, Chief Judge.

Edith Holt, the appellant, brings this appeal from her conviction for driving under the influence, and attempting to elude a police officer. Keith Cook, a former member of the Georgia State Patrol, while driving on U. S. 280 on the night of August 10, 1985, in Crisp County, met a car which crossed the centerline and veered into his lane of traffic. He was forced to drive almost completely off the road into the ditch to avoid a collision. He turned around and followed the car. He wrote down a description and make of the vehicle and the license number. While he was following the car, several other cars had to "get off the road" to avoid colliding with the car. He went to the State Patrol station in Cordele and reported the incident to the radio operator.

State Patrol Trooper Barry Smith first saw this vehicle about a tenth of a mile outside Cordele. The car was astride the centerline "and there was about seven or eight cars behind the vehicle and there were flashing lights, pointing, blowing their horns." The other vehicles moved back to allow the state trooper to fall in behind the subject vehicle. Trooper Smith turned on his blue lights and followed the car. The driver of the car failed to respond. Trooper Smith then turned on his siren and the driver continued. Smith said the car "was all over the road. It crossed over several times completely into the other lane of traffic. The [other] cars had to take evasive action just to miss it." Finally, the driver of the vehicle turned left, in front of oncoming traffic, forcing them to stop, and pulled onto the premises of a liquor store — "into the drive in window. . . ." The officer pulled in behind the other vehicle and exited his car to go to the other car. The other car attempted to leave but was blocked by several other police vehicles that had responded to the radio bulletin. Ms. Holt was the only person in the car. Trooper Smith asked her to get out of the car and Ms. Holt failed to respond. Finally, two officers assisted Ms. Holt to

the police car, and she was placed in the back seat and then taken to the Crisp County Jail.

Trooper Smith testified that when he removed Ms. Holt from her car, "[s]he had a strong odor of alcoholic beverage about the breath. She was in a very staggering condition. And her eyes were bloodshot and it was evident that she was under the influence." At the Crisp County Jail, Smith said he read to Ms. Holt her implied consent rights and the right to an alternate test. This was prior to the time he administered the intoximeter test to her. The intoximeter recorded a blood-alcohol content of .21. After he had given her the chemical breath test, Smith asked Ms. Holt if she wanted to take an alternate test and she told him "[s]he would get her own G. D. test."

Ms. Holt testified that she had been visited by her brother the afternoon before this happened and they had discussed her daughter. Her daughter had abandoned her religion and joined the "moonies." She cries every time someone mentions her daughter and this is the reason why her eyes were bloodshot. After her brother left her house, she measured out one ounce of "Jim Beam" whiskey, added Coke and drank it. She drove her car to Cordele to visit a man who was ill, in the motel next to the whiskey store. While driving to town, she thought about her daughter, she cried, and the tears made her contact lenses float and this obscured her vision, causing her erratic driving. She saw the flashing blue lights on the patrol car but did not know they were meant for her. When the officer turned on his siren, this "excited [her] and [she] turned left then" into the whiskey store, just before reaching the motel. When she saw that she was at the whiskey store and not the motel, she attempted to drive away and go to the motel. The police stopped her. Appellant brings this appeal from a jury verdict of guilty on both counts. *Held*:

1. Appellant contends the trial court erred "in denying the Appellant's Motion in Limine prior to trial and refusing to hear any evidence." The trial court did deny appellant's motion in limine, but not because of the merits. The trial court refused "to rule on the admissibility of all the evidence prior to trial. We'll take it as it comes and rule on the admissibility as it's presented. You may object to any and all of it as it's presented."

The Supreme Court has held that in a motion in limine the "trial court has an absolute right to refuse to decide the admissibility of evidence, allegedly violative of some ordinary rule of evidence, prior to trial." *State v. Johnston*, 249 Ga. 413, 415 (291 SE2d 543). It was not error for the trial court to refuse to rule on the issue of admissibility of the results of the intoximeter test before it was offered during trial. *Pierce v. State*, 173 Ga. App. 551, 552 (327 SE2d 531).

2. The denial of appellant's motion to suppress the test results is enumerated as error. The State established a proper evidentiary foun-

dation for admissibility of the test results. The state trooper testified to a statutory warning of the implied consent rule and the right of the suspect to an alternate test. The operator testified as to his expertise in making the test and that the machine was in proper working order at the time he administered the test. The only objection entered was to identification of the exhibit on which the results of the test were transcribed. We find no error. *Huff v. State*, 144 Ga. App. 764 (242 SE2d 361).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

### ON MOTION FOR REHEARING.

Appellant, on motion for rehearing, argues that this court "overlooked the fact that in the hearing [on] the admissibility of the DUI breath test the appellant was denied her right to enter any evidence." At trial, the State offered the evidence of a state patrolman of his observations of the appellant's driving of her car, of her condition following her arrest, of his advice to her on implied consent and right to an additional test by a person of her own choice, and her consent to take the test. Following the test, Ms. Holt was asked if she would like to have an additional test and she responded that "she would get her own G.D. test."

Following the State's establishing an evidentiary base for admission of the test results, counsel for appellant asked the trial court: "May Ms. Holt testify on this matter? THE COURT: Yes, sir. But it would only create a question of fact and that has to be decided by the jury. It is obvious that there has been a prima facie showing that the compliance was made." Hence, contrary to counsel's assertion, Ms. Holt was not "denied" any right to enter evidence. The trial court did not err in admitting the test results of the intoximeter test after the State had made a complete showing of statutory compliance. *Fletcher v. State*, 157 Ga. App. 707 (1) (278 SE2d 444).

*Motion for rehearing denied.*

DECIDED FEBRUARY 2, 1987 —
REHEARING DENIED FEBRUARY 17, 1987 — ▮▮▮▮▮▮▮▮

*David E. Morgan III*, for appellant.
*Edwin T. Cotton, District Attorney*, for appellee.