## 74142. ANDERSON v. THE STATE.
(359 SE2d 688)

POPE, Judge.

Defendant Billy Lee Anderson appeals from his conviction of armed robbery. *Held*:

1. Defendant first enumerates as error the admission into evidence of a 1972 conviction for armed robbery. "Evidence of other criminal acts of the defendant may be admitted if it is substantially relevant for some other purpose than to show a probability that the defendant committed the crime on trial because he is a man of criminal character. Purposes for which other crimes evidence may be offered include motive, intent, bent of mind, course of conduct, absence of mistake or accident (both are aspects of intent), plan or scheme,

and identity. To render evidence of extrinsic offenses admissible for any of these purposes, the [S]tate must show that the defendant was the perpetrator of the extrinsic offenses, and that there is a sufficient similarity or connection between the extrinsic offense and the offense charged, such that proof of the former tends to prove the latter." (Citations and punctuation omitted.) *Rich v. State*, 254 Ga. 11, 13 (325 SE2d 761) (1985). See also *Millwood v. State*, 164 Ga. App. 699 (1) (296 SE2d 239) (1982). The record in the case at bar shows that the 1972 conviction was admitted solely to establish motive, intent, bent of mind, course of conduct and identity, and that the trial court properly instructed the jury on the limited purpose for which the prior offense was admitted. Moreover, there is no question that the defendant was the perpetrator of the prior offense, as he pled guilty to that charge. Nevertheless, the defendant challenges the admission of the earlier offense and argues both dissimilarity of the prior and present offense and that the 1972 offense should have been excluded because of lapse of time.

Turning first to the issue of similarity, the record shows the following: The 1972 offense was committed by 4 or 5 individuals armed with both shotguns and a semi-automatic type weapon; it was committed at night at a lake cabin in which a group of men were playing cards; the perpetrators, who wore ski masks, gained entry to the cabin by shooting out a window and knocking out a glass door; the victims were told to lie face down on the floor; one of the perpetrators shouted obscene names at the victims and threatened to kill them; and the perpetrators took jewelry, money and the victims' car keys.

As to the crime charged, the record shows that the robbery took place at night at the residence of Leotta and Robert Richards; the two perpetrators gained entry to the house by posing as law enforcement officials; that they forced their two elderly victims at gunpoint to lie face down on the floor; one of the perpetrators, later identified as the defendant, called them obscene names and threatened to kill them; the victims were bound and Mr. Richards was blindfolded; and jewelry and cash were taken, as well as the victims' car and house keys. Under these facts, we find that the two offenses were "sufficiently similar" so as to warrant the admission of the 1972 offense for the limited purpose for which it was offered. *Millwood*, supra at 701; see *Mims v. State*, 180 Ga. App. 3 (2) (348 SE2d 498) (1986).

We must also consider, however, whether the 12-year lapse of time between the commission of the two armed robberies renders evidence of the 1972 offense inadmissible. "Although lapse of time is one of the more important factors to weigh in considering the admissibility of the evidence in question it is not wholly determinative." *Campbell v. State*, 234 Ga. 130, 132 (214 SE2d 656) (1975). Thus, "lapse of time between the two [offenses does not] automatically require the

exclusion of such evidence." *Mims*, supra at 5. In this case we find that the 12-year lapse between the prior and present offenses does not render evidence of the prior offense inadmissible. *Rich*, supra at 14. In so holding, we are persuaded by the fact that defendant was incarcerated for approximately 10 of the intervening years, thus circumscribing his ability to commit similar offenses during much of the 12-year period. Accord *Miller v. State*, 165 Ga. App. 487 (2) (299 SE2d 174) (1983).

2. Defendant also contends that the trial court erred by denying his motion to disclose and by granting the State's motion in limine to exclude the identity of the person who telephoned Ms. Richards with information concerning the identity of the accused and others who possibly participated in the robbery. The record shows that the trial court, after a hearing, apparently determined that the unidentified woman was a mere tipster who neither participated in nor witnessed the crime, and thus refused to order the State to disclose her identity. We have examined the transcript of this proceeding and conclude that the trial court did not err in failing to require the State to disclose the identity of the informant. *Thornton v. State*, 238 Ga. 160 (2) (231 SE2d 729) (1977), cert. den., 434 U. S. 1073 (1978); *Grimes v. State*, 168 Ga. App. 372 (5) (308 SE2d 863) (1983); *Castillo v. State*, 166 Ga. App. 817 (3) (305 SE2d 629) (1983), and cits. We note also that defendant's argument concerning the failure to show the reliability or credibility of the tipster is inapposite in the present case where the information imparted resulted only in the compilation of a photographic line-up containing defendant's picture, and that the defendant was apprehended only after Mr. Richards, the victim, identified defendant as one of the perpetrators of the crime.

3. In his final enumeration of error, defendant posits a constitutional argument under the 5th and 14th Amendments and argues that he was prevented from offering testimony to explain his conduct in the 1972 armed robbery because to do so would be to "open the door" as to the admissibility of evidence of other prior crimes or other acts relating to the character of the accused. Our review of the record discloses that defendant made a motion in limine prior to trial in which he sought to obtain a ruling from the trial court allowing him to testify as to the 1972 armed robbery and if he so testified, preventing the State from introducing evidence of any other criminal charges against him. The trial court held that it would withhold ruling on the defendant's motion until the events transpired at trial and defendant agreed that the better course would be to raise this issue at that time. The record further shows that although defendant testified at trial, no mention was made during his testimony concerning the 1972 incident and no ruling was sought from the trial court concerning defendant's ability to explain the prior offense. However, at the close of trial de-

fendant moved for a mistrial based on his inability to testify concerning the 1972 incident, and argued that to so testify would open the door as to the admissibility of other convictions. The court denied the motion for mistrial, but offered instead to allow the defendant to reopen the evidence, an offer which the defendant declined. "The Supreme Court has held that in a motion in limine the 'trial court has an absolute right to refuse to decide the admissibility of evidence . . . prior to trial.' [Cit.]" *Holt v. State*, 181 Ga. App. 798, 799 (354 SE2d 167) (1987). In such a case, it is then incumbent upon the party seeking the ruling on the admissibility, or nonadmissibility, of evidence to invoke a ruling of the trial court at the appropriate time during the proceedings. *Hicks v. State*, 175 Ga. App. 243 (1) (333 SE2d 113) (1985). Here the defendant withheld his motion until presentation of the evidence was complete; thus defendant's motion for mistrial was clearly untimely. " '[A] motion for mistrial not made contemporaneously with the alleged misconduct makes the motion not timely.' " *Keri v. State*, 179 Ga. App. 664, 669 (347 SE2d 236) (1986). Accordingly, this enumeration is without merit.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JUNE 19, 1987 —
REHEARING DENIED JULY 14, 1987 — 

*Ivan A. Pearlberg*, for appellant.
*Thomas J. Charron, District Attorney, W. Thomas Weathers III, Assistant District Attorney*, for appellee.