## A91A1475. SHIELDS v. THE STATE.
(415 SE2d 478)

CARLEY, Presiding Judge.

After a jury trial, appellant was found guilty of burglary. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. After a pre-trial hearing, the trial court ruled that four of appellant's prior burglary convictions would be admissible as similar transactions. Thereafter, appellant sought to voir dire the potential jurors concerning what their reaction would be to the State's introduction of the prior burglary convictions. The trial court's refusal to allow appellant to do so is enumerated as error.

OCGA § 15-12-133 "outlines the permissible scope of voir dire. [Cit.] Voir dire should allow both parties an opportunity to ascertain the ability of the prospective jurors to decide the case on its merits, with objectivity and freedom from bias and prior inclination. [Cit.] However, no question should require a response from a juror which might amount to a prejudgment of the case. [Cit.] Since the distinction between questions which ask jurors how they would decide issues of a case if and when such issues are presented and questions which merely inquire whether jurors can start the case without bias or prior inclination is not always crystal clear, the 'control of the voir dire examination is vested in the sound legal discretion of the trial judge and will not be interfered with by this court unless the record clearly

shows an abuse of that discretion.' [Cit.] Hypothetical voir dire questions are not *per se* improper, [cit.], but a trial judge should be cautious in allowing counsel to propound questions which ask the juror to assume that certain facts will be proven. Such questions tend to improperly influence jurors. [Cit.]" *Waters v. State*, 248 Ga. 355, 363 (3) (283 SE2d 238) (1981).

"[N]either the defendant nor the [S]tate has the right simply to outline the evidence and then ask a prospective juror his opinion of that evidence." *Blankenship v. State*, 258 Ga. 43, 45 (6) (365 SE2d 265) (1988). See also *Jenkins v. State*, 157 Ga. App. 310, 313 (3) (277 SE2d 304) (1981) (no abuse of discretion where inquiry "could only be answered in the light of the evidence yet to be presented at trial"). Accordingly, there was no abuse of discretion in the trial court's refusal to allow appellant, in effect, to question the prospective jurors regarding their opinions as to evidence that the trial court had ruled to be admissible at trial. Likewise, there was no abuse of discretion in the refusal to allow appellant to question the prospective jurors whether they would follow the trial court's limiting instructions as to their consideration of that evidence. Appellant "was not entitled to ask whether the jury would be able to follow the instructions of the trial court ([cit.]). . . ." *Head v. State*, 160 Ga. App. 4, 6 (6) (285 SE2d 735) (1981). See also *Wallace v. State*, 248 Ga. 255, 259 (2) (282 SE2d 325) (1981); *Smith v. State*, 238 Ga. 146, 149 (5) (231 SE2d 757) (1977).

2. Appellant never objected to the admission of his prior convictions on the ground that the State had failed to show that they were sufficiently "similar" to the crime with which he was charged in the instant case. *Hunter v. State*, 202 Ga. App. 195, 197 (3) (413 SE2d 526) (1991). Likewise, appellant never objected to timing of the State's introduction of the prior convictions. Compare *Gilstrap v. State*, 261 Ga. 798 (1) (410 SE2d 423) (1991). Instead, appellant objected only that two of his four prior convictions, having occurred 11 years before, were so "remote" as to be more prejudicial than relevant.

"While lapse of time is an important factor to be weighed when considering the admissibility of evidence of independent crimes, it is not wholly determinative. [Cit.] This is especially true where there are similar . . . intervening crimes which occur periodically over a span of time as is the case here." *Chastain v. State*, 260 Ga. 789, 791 (3) (400 SE2d 329) (1991). Appellant's incarceration pursuant to the eight-year-old and four-year-old convictions, the admission of which has not been challenged on appeal, circumscribed his "ability to commit similar offenses during much of the [11]-year period. [Cit.]" *Anderson v. State*, 183 Ga. App. 669, 671 (1) (359 SE2d 688) (1987). There was no error in the admission of appellant's 11-year-old convic-

tions over the objection that they were too "remote." See *Gilstrap v. State*, supra at 799 (1b) (holding that 31 years is too remote, but recognizing that 11 years is not).

3. Appellant enumerates as error the trial court's giving of the following charge: "The presence of valuables inside the premises can support an inference of intent to commit a theft. Whether or not you draw such an inference is left up to you."

This "instruction states a legally correct principle of the law and there was sufficient evidence presented at trial to authorize the giving of the instruction in this case. [Cits.]" *Prothro v. State*, 186 Ga. App. 836, 837 (2) (368 SE2d 793) (1988). " '(W)here there is any evidence, however slight, upon a particular point, it is not error for the court to charge the law in relation to that issue. (Cit.)' [Cit.]" *Day v. State*, 197 Ga. App. 875, 876 (2) (399 SE2d 741) (1990).

4. Shortly before trial, the State gave appellant notice of its intent to prosecute him as a recidivist under OCGA § 17-10-7. Appellant's contention that this notice was not timely is controlled adversely to him by *Anderson v. State*, 176 Ga. App. 255, 256 (335 SE2d 487) (1985).

*Judgment affirmed. Sognier, C. J., McMurray, P. J., Birdsong, P. J., Pope, Cooper, Andrews, JJ., and Judge Arnold Shulman concur. Beasley, J., dissents.*

BEASLEY, Judge, dissenting.

I respectfully dissent as to Division 2, although I concur in Divisions 1 and 3.

Although the appellate courts have allowed prior incidents of 11 years distance from the crime on trial to be introduced, they recognize that time span is a factor to take into account in weighing the probative value of the evidence of the incident against the prejudice created by revealing these prior incidents to the jury, which is to try *only* the present case. "The general rule is that evidence of an independent crime is never admissible unless the prejudice it creates is outweighed by its relevancy to the issues on trial." *Hicks v. State*, 232 Ga. 393, 397 (207 SE2d 30) (1974).

Thus the negative reflection on character, which prior convictions darkly cast on a defendant and which present him to the jury not merely as a defendant but as a criminal, render them inadmissible unless they are relevant to an issue before the jury. They must meet other threshold hurdles as well, but we are not concerned with those here. See *Stephens v. State*, 261 Ga. 467 (6) (405 SE2d 483) (1991); *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991).

The issue in this burglary case was whether defendant intended to commit a theft when he broke into the Vocational Rehabilitation Center. He presented no evidence, and his defense was that at most

he committed criminal trespass, which does not require such an intent. The court charged the elements of both crimes (OCGA §§ 16-7-1 (a) and 16-7-21 (a) and (b) (1)), so it was up to the jury to decide whether defendant committed the felony or the misdemeanor or neither.

The two burglaries over a decade earlier resulted in pleas of guilty, which the later crimes did not. They constituted formal admissions to the court that defendant had entered two other commercial establishments with intent to commit thefts. In the form petitions to enter guilty pleas, which bear appellant's signatures, appellant acknowledged that he knew that the maximum punishment for each offense was 20 years and that, if he was then serving another sentence, the sentence in each of the two new crimes could be imposed to follow that sentence.

Appellant specifically but unsuccessfully objected to these petitions because of the irrelevancy and prejudice which much of this material introduced. From it the jury could infer that he was already serving a sentence when he pleaded guilty in 1978. Since the sentences on those two burglaries were not in evidence and the third burglary occurred less than two-and-one-half years later, the jury could also infer that defendant either received very short sentences for those crimes or was released before his sentences expired. The knowledge of these guilty pleas, along with the inferences deducible from them, were highly inflammatory when the jury was deliberating on whether defendant had committed the fifth burglary.

The remoteness of the two 1978 burglaries becomes a particularly significant factor weighing against admission when it is considered that evidence of two later burglaries was admitted (also over objection, although this is not pursued on appeal). They were admitted for the very same purpose of showing, as the court instructed the jury, "the defendant's state of mind" or "mental state or intent" with respect to the incident on trial. They increased the ingredient of prejudice on the one side of the scale without adding significantly to the issue of intent on the other side of the scale. Besides, there was evidence of intent in the circumstances of the break-in on trial. Valuable property was contained in the building, and defendant had rifled a desk drawer before he exited the premises with his injured hand, leaving a trail of blood behind.

The introduction of the four earlier convictions consumed a large portion of the entire trial. Two of the five witnesses were called to describe the two later burglaries, and the many documents introduced as to all four of them comprised the entirety of the exhibits except for some photographs of the burglarized premises. Thus the former convictions were not incidental to defendant's trial and the probative value of these two early burglaries was minimal, whereas their

prejudice was great.

The jury could have convicted this appellant of criminal trespass because he was apprehended when he emerged from the building without any burglary tools, without having taken anything, and smelling strongly of an alcoholic beverage. Consequently, I cannot conclude as a matter of law that, despite the strength of the circumstantial evidence of intent and thus of burglary, it is highly probable that the admission of the prior convictions did not contribute to the jury's verdict. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

DECIDED FEBRUARY 3, 1992.

*H. Bradford Morris, Jr.*, for appellant.

*C. Andrew Fuller*, District Attorney, *William M. Brownell, Jr.*, Assistant District Attorney, for appellee.