**STATE of Iowa, Appellee,**

**v.**

**Travis William RICE, Appellant.**

**No. 02–0945.**

Court of Appeals of Iowa.

Feb. 12, 2003.

Linda Del Gallo, State Appellate Defender, and James G. Tomka, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kristin Mueller, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Michael Bandy, Assistant County Attorney, for appellee.

Considered by VOGEL, P.J., and ZIMMER and HECHT, JJ.

VOGEL, Presiding Judge.

Travis Rice pled guilty to eluding in violation of Iowa Code section 321.279 (2001) and operating while intoxicated, second offense, in violation of section 321J.2. He was sentenced separately on each count. Rice now argues operating while intoxicated was a lesser included offense of eluding and that the two convictions should have been merged pursuant to section 701.9. Upon our review for correction of errors at law, *State v. Bullock*, 638 N.W.2d 728, 731 (Iowa 2002), we affirm.

A person convicted of eluding for failing to appropriately yield to authorities commits only a serious misdemeanor. Iowa Code § 321.279(1). A person who fails to appropriately yield while also exceeding the speed limit by twenty-five miles per hour has committed an aggravated misdemeanor. *Id.* at § 321.279(2). If a person is also committing a felony or violating certain statutory provisions, or if bodily injury to another results, he or she has committed a class "D" felony. *Id.* at § 321.279(3). Here, Rice was convicted of a "D" felony because he failed to appropriately yield to law enforcement while exceeding the speed limit by twenty-five miles per hour and while impaired in violation of section 321J.2. Iowa Code § 321.279(3)(b).

If a violation of section 321J.2 is an element of "felony" eluding under section 321.279(3)(b), then we would agree one could not commit that alternative of eluding without also necessarily violating 321J.2. *See State v. Hickman*, 623 N.W.2d 847, 850 (Iowa 2001) ("If the greater offense cannot be committed without also committing the lesser offense, the lesser is included in the greater."). If that were the case, barring legislative intent to the contrary, the offenses should have been merged. *Bullock*, 638 N.W.2d at 731. In contrast, if a violation of 321J.2 is only one of several possible sentencing enhancements for the crime of eluding, merger was not authorized. *See State v. Beecher*, 616 N.W.2d 532, 539 (Iowa 2000).

It is not readily apparent which rule should be followed in this instance, because the eluding statute was drafted in such a way as to wholly combine the elements of the offense with the degrees of sentencing. *Cf.* Iowa Code § 711.2 (creating the distinct crime of robbery in the first degree); Iowa Code § 708.11 (creating crime of stalking, then further defining enhancements of the offense). Upon a close reading of section 321.279 we are inclined to concur with the State's analysis, that the statute does not define three separate offenses, but rather one offense, eluding, with three possible sentencing levels. *See State v. Ayers*, 590 N.W.2d 25, 29 (Iowa 1999) (noting, under a prior version of section 321.279, that "[t]he crime of eluding is either a serious or an aggravated misdemeanor").

However, even if operating while intoxicated was a lesser-included offense of eluding under section 321.279(3)(b), the crimes may still be punished separately, as there is a clear legislative intent to impose cumulative punishments. *See State v. Halliburton*, 539 N.W.2d 339, 344 (Iowa 1995) (noting the purpose of section 701.9 is to prevent courts from imposing a punishment greater than that contemplated by the legislature). Although both section 321.279 and section 321J.2 were designed for the protection of the public, *Schilling v. Iowa Dept. of Transp.*, 646 N.W.2d 69, 73 (Iowa 2002); *State v. Peters*, 525 N.W.2d 854, 858 (Iowa 1994), it is evident each statute is meant to protect against a different form of illegal conduct. *See State v. Cartee*, 577 N.W.2d 649, 654 (Iowa

1998) (holding a person is not punished twice for the same conduct where statutes "address two separate evils"). Moreover, merging operating while intoxicated convictions into eluding convictions would thwart the legislative design of 321J.2 and its subparts, which detail a number of offense-specific sentencing provisions, including mandatory minimums and subsequent-offense enhancements. *See State v. Lewis*, 514 N.W.2d 63, 69 (Iowa 1994) (finding the legislature intended multiple punishments for criminal gang activity and any underlying criminal act, as courts presume each individual statute is effective in its entirety, and the legislature intended a just and fair result).

Because we find no error in the district court's order, Rice's sentences must be upheld.

**AFFIRMED.**