STATE of Iowa, Appellee,

v.

Brandon Dean ECKRICH, Appellant.

No. 02–1508.

Court of Appeals of Iowa.

Aug. 27, 2003.

Linda Del Gallo, State Appellate Defender, and Stephan Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Cristen Odell, Assistant Attorney General, J. Patrick White, County Attorney, and David Tiffany, Assistant County Attorney, for appellee.

Considered by SACKETT, C.J., and HUITINK and VOGEL, JJ.

VOGEL, J.

Brandon Eckrich appeals his convictions and sentences for felony eluding under Iowa Code section 321.279(3) (1999) and possession of controlled substance under section 124.401, claiming a double jeopardy violation as he had previously been convicted for operating while intoxicated (OWI) under section 321J.2 for the same conduct. Without deciding whether OWI and possession are lesser-included offenses of felony eluding, we conclude the legislature intended separate punishments for the proscribed conduct; therefore, Eckrich suffered no double jeopardy violation. His separate convictions shall stand.

***Background Facts.*** In July 2000, Eckrich pled guilty to eluding a pursuing law enforcement vehicle while violating Iowa Code section 321J.2 or 124.401 (operating while under the influence of alcohol or drug and possession of a controlled substance, respectively) pursuant to Iowa Code section 321.279(3), OWI pursuant to section 321J.2, and possession of a controlled substance, to-wit marijuana pursuant to section 124.401. Eckrich then filed a motion to adjudicate law points asking the court to determine that the OWI and possession charges were lesser included offenses of the felony eluding charge, thereby requiring merger. The district court stated it could address the motion, and if he were successful Eckrich would be sentenced on the felony charge, with the lesser charges merged into the eluding conviction. In the alternative, Eckrich could withdraw the motion and the court would enter deferred judgments, as recommended, on the felony eluding and possession charges and enter a conviction on the OWI charge. Electing the deferred judgments to avoid a felony conviction, Eckrich withdrew the motion to adjudicate law points. The court then sentenced Eckrich on the OWI charge, but deferred judgment on both the eluding and possession charges.

Subsequently, Eckrich violated his probation which prompted the State to file an application for adjudication of guilt and sentencing for the felony eluding and possession of marijuana charges. Eckrich filed a motion to dismiss asserting both merger and double jeopardy violations. The motion was denied. His deferred judgments were revoked; and convictions and sentences were entered. On appeal, Eckrich claims the district court erred in convicting and punishing him on the felony eluding and possession charges after he had already been convicted and punished for the lesser included offense of OWI.

***Scope of Review.*** We review constitutional claims concerning the double jeopardy clause de novo. *State v. Henry,* 483 N.W.2d 2, 3 (Iowa Ct.App.1992) (citing *State v. Davis,* 446 N.W.2d 785, 787 (Iowa 1989)). Questions of statutory interpretation are reviewed for correction of errors at law. *In re E.H. III,* 578 N.W.2d 243, 245 (Iowa 1998).

■ *Double Jeopardy and Merger.* Eckrich claims the OWI charge was a lesser included offense of felony eluding; as such, his OWI conviction bars any further prosecution on the felony eluding and possession of marijuana charges. The State, however, argues Eckrich chose to withdraw his motion for adjudication of law points regarding multiple prosecutions prior to sentencing in order to receive deferred judgments on the eluding and possession charges and therefore has not preserved error on this claim. We agree this issue was not preserved. *See State v. Johnson,* 272 N.W.2d 480, 484 (Iowa 1978) ("constitutional questions must be preserved in the same manner as any other issue") (citations omitted).[1] Therefore our discussion will be limited to the asserted double jeopardy violation as it relates to the imposition of multiple punishments and merger of sentences.

Under Iowa Code section 321.279(1) a person can be prosecuted for eluding as a serious misdemeanor for failing to appropriately yield to a pursuing law enforcement vehicle. Under section 321.279(2), the level of crime increases to an aggravated misdemeanor if the person, while failing to yield, is also exceeding the speed limit by twenty-five miles per hour. Finally, under section 321.279(3), the crime of eluding becomes a class "D" felony if a person, while both failing to yield and exceeding the speed limit by twenty-five miles per hour, also commits a felony or violates Iowa Code section 321J.2 or 124.401 or if bodily injury results to another. In this case, because Eckrich's conduct fell under section 321.279(3), his act of "eluding" rose from a serious misdemeanor to a class "D" felony.

Earlier this year, in a factually similar case, we addressed the issue of whether OWI is a lesser-included offense of felony eluding. *See State v. Rice,* 661 N.W.2d 550 (Iowa Ct.App.2003). In *Rice,* we stated:

> If a violation of section 321J.2 is an element of 'felony' eluding under section 321.279(3), then we would agree one could not commit that alternative of eluding without also necessarily violating 321J.2.... If that were the case, barring legislative intent to the contrary, the offenses should have been merged. In contrast, if a violation of 321J.2 is only one of several possible sentencing enhancements for the crime of eluding, merger was not authorized.

*Id.* at 551 (internal citations omitted). While the *Rice* court stated it was inclined to find OWI was a sentencing enhancement rather than a lesser-included offense, *Rice* did not decide definitively whether OWI was a lesser-included offense of felony eluding. *Id.* The *Rice* court continued its analysis and found that even if OWI were a lesser-included offense of felony eluding, the crimes could be punished separately due to the clear legislative intent to impose cumulative punishments. *Id.* We follow a similar analysis here.

■ As the district court noted, the punishment for eluding under section 321.279(3)(b) does not include several of the punishments for operating while intoxi-

---

1. In the alternative, Eckrich claims ineffective assistance of counsel for failing to preserve the issue of multiple prosecutions. It is obvious from the record, after a lengthy dialog with the court, counsel made a tactical choice to withdraw the motion in order to proceed with favorable sentencing. We therefore reject Eckrich's claim of ineffective assistance of counsel. *See State v. Lange,* 495 N.W.2d 105, 108 (Iowa 1992) (holding defendant may by his own defense tactics waive subsequent assertions of double jeopardy violations) (citing *Jeffers v. United States,* 432 U.S. 137, 154, 97 S.Ct. 2207, 2218, 53 L.Ed.2d 168, 182 (1977)).

cated under section 321J.2(2)(a)(3), and (4) which include driver's license revocation, substance abuse evaluation and treatment, attending a drinking driver's course, and, when available and appropriate, attending a reality education substance abuse prevention program. Iowa Code section 901.5(10) also requires license revocation of any person convicted under section 124.401 where section 321J.2(2)(a)(3) does not. It does not appear the legislature set out to insulate a person from the specific sentencing mandates of section 321J.2(2)(a)(3) and section 124.401, just because that person was also "eluding" as proscribed under 321.279(3)(b). Rather it appears quite evident that each statute was designed to address a separate form of illegal conduct and the punishments designed accordingly. *See generally State v. Reed*, 618 N.W.2d 327, 336 (Iowa 2000) (finding legislative intent for cumulative punishment to deter illegal activity under separate code sections). Where we find legislative intent for multiple punishments involving the same conduct, we will uphold the separate convictions and punishments. *State v. Hickman*, 623 N.W.2d 847, 852 (Iowa 2001). Because there is clear legislative intent to authorize multiple punishments under sections 321.J2(2)(a)(3), 124.401(5) and 321.279(3)(b), Eckrich's claim as to a double jeopardy violation would fail, even with his assertion that OWI and possession are lesser-included offenses of felony eluding. We therefore affirm Eckrich's punishments for felony eluding and possession of marijuana.

■ *Credit for Time Served.* Eckrich was sentenced to an indeterminate term not to exceed five years on the eluding charge under Iowa Code section 321.279(3)(b) and was given credit for time served. The sentence was suspended. In addition, Eckrich was sentenced to serve ten days in the custody of the county sheriff for possession of marijuana, under Iowa Code section 124.401(5). In its sentencing order, the court specifically stated Eckrich was not to be given credit for time served on the possession sentence. Eckrich claims the court failed to follow Iowa Code section 903A.5 by denying him credit for two days of time served following his initial arrest. The State responds that, section 903A.5 simply does not apply. We agree with the State. Iowa Code section 901.6 states, "In every case in which judgment is entered ... a statement of the days credited pursuant to section 903A.5 shall be incorporated into the sentence." Chapter 903A, "Reduction of Sentences," pertains solely to inmates in the custody of the director of the department of corrections, and not to those confined in county facilities. Therefore, the code section Eckrich relies on has no bearing on his ten-day determinate sentence in the custody of the county sheriff. Absent a specific code section which would require credit for time served in a county facility, Eckrich's claim has no basis. Iowa Code § 321J.2(2)(a)(1) (authorizing credit for time served in a jail or detention facility following arrest).

**AFFIRMED.**