# IN THE COURT OF APPEALS OF IOWA

No. 17-1636
Filed November 7, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JERRELL M. WILSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Woodbury County, Steven J. Andreasen, Judge.

        Jerell Wilson appeals his convictions of (1) operating a motor vehicle while intoxicated, (2) first-degree eluding, and (3) vehicular homicide by reckless driving or eluding, raising claims of insufficient evidence to support the third count and failure by the district court to merge the first two counts.  **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

A man took a law enforcement officer on a high-speed chase, hit a dip in the road, and crashed. His passenger died.

The State charged Jerrell Wilson with (1) vehicular homicide by operating a motor vehicle while intoxicated, (2) first-degree eluding, and (3) vehicular homicide by reckless driving or eluding. *See* Iowa Code §§ 707.6A(1); 321.279(3); 707.6A(2)(a); 707.6A(2)(b) (2016). On the first count, the jury found Wilson guilty of the lesser included offense of operating a motor vehicle while intoxicated. On the second and third counts, the jury found him guilty as charged. Wilson appealed following imposition of sentence. He argues (1) the jury's finding of guilt on the third count was not supported by sufficient evidence and (2) his convictions on the first two counts should have merged

## I.     Sufficiency of the Evidence—Vehicular Homicide by Reckless Driving or Eluding

Wilson contends "the evidence was not sufficient to prove (1) [he] drove the vehicle in a *reckless* manner as necessary for the reckless driving alternative; and (2) that an adequate causal connection existed as required for both the reckless driving alternative and the eluding alternative." Because his attorney failed to move for judgment of acquittal on these grounds, Wilson concedes the issue must be considered under an ineffective-assistance-of-counsel rubric.

Although ineffective assistance claims are generally addressed in postconviction-relief proceedings, "claims of ineffective assistance for failure to challenge sufficiency of the evidence may be raised on direct appeal." *See State v. Halverson*, 857 N.W.2d 632, 639 (Iowa 2015) (citations omitted). On our de

novo review, we must decide whether a motion for judgment of acquittal by trial counsel "would have been meritorious had it been made." *See State v. Harris*, 891 N.W.2d 182, 186 (Iowa 2017).

The jury was instructed the State would have to prove the following elements of homicide by vehicle-reckless driving or eluding:

> Element 1. On or about the 11th day of November, 2016, in Woodbury County, Iowa, Defendant Jerell Wilson was driving a motor vehicle.
> Element 2. At that time and place, Defendant Jerell Wilson either:
> a. was driving the vehicle in a reckless manner; or
> b. was eluding or attempting to elude a law enforcement vehicle.
> Element 3. The act or acts of Defendant Jerell Wilson as set out in Elements 1 and 2 above unintentionally caused the death of Djuan Beverly. For the act of eluding or attempting to elude, the death of Mr. Beverly must have directly or indirectly resulted from the eluding or attempt to elude.

Wilson's sufficiency-of-the-evidence challenge implicates the second and third elements.

### A. Recklessness

Recklessness was defined for the jury as follows:

> A person is "reckless" or acts "recklessly" when he willfully disregards the safety of persons or property. It is more than a lack of reasonable care which may cause unintentional injury. Recklessness is conduct which is consciously done with willful disregard of the consequences. For recklessness to exist, the act must be highly dangerous. In addition, the danger must be so obvious that the actor knows or reasonably should foresee that harm will more likely than not result from the act. Although the recklessness is willful, it is not intentional in the sense that harm is intended to result.

By special interrogatory, the jury found that Wilson committed vehicular homicide by reckless driving. Substantial evidence supports the finding. *Id.*

A Woodbury County deputy sheriff noticed a vehicle with illegible paper plates. He turned on his red and blue overhead lights in an effort to have the vehicle pull over. The vehicle did not stop but, instead, turned onto a residential street with a speed limit of thirty miles per hour and "[i]mmediately accelerated at a high rate of speed." The deputy followed with lights and sirens activated. Based on his own speed, the deputy estimated the vehicle was traveling "approximately 75 miles per hour." At one point, the car sped through a dip in the road. "[T]he undercarriage of the vehicle made contact with the street," and emitted sparks. The driver "lost control and crashed into a retaining wall." As noted, the passenger died.

The deputy's estimate of the driver's speed was corroborated by an expert on crash reconstructions. The expert estimated the vehicle was traveling eighty miles an hour "at the point [the vehicle] lost control." According to the expert, "[i]t did not appear there was any brake application at any point before or immediately prior to the crash."

The jury reasonably found from this testimony that Wilson willfully disregarded the safety of persons or property or, in other words, drove recklessly. *See State v. Atwood*, 602 N.W.2d 775, 784 (Iowa 1999) (finding substantial evidence of reckless driving where the defendant was traveling "very fast" down a road with a speed limit of thirty-five miles per hour); *State v. Cornelius*, No. 13-1491, 2014 WL 4230217, at *2 n.1 (Iowa Ct. App. Aug. 27, 2014) (finding sufficient evidence to support recklessness with speed two to three times the posted speed limit). Because substantial evidence supports the jury's finding, Wilson's attorney

did not breach an essential duty in failing to move for judgment of acquittal on this ground. *See State v. Carter*, 602 N.W.2d 818, 821 (Iowa 1999).

### B. Causation

In addition to finding that Wilson drove recklessly, the jury found Wilson operated "the motor vehicle while eluding or attempting to elude a law enforcement vehicle." In short, the jury found Wilson guilty of homicide by vehicle under both charged alternatives set forth in the second element of the marshalling instruction.

Wilson argues the record contains "[i]nsufficient evidence to establish [an] adequate causal connection on either the reckless driving alternative or the eluding alternative." In his view, "it is not sufficient to show that [his] *driving* conduct caused the death; it must be shown that the *reckless* or *eluding* conduct caused the death."

As discussed, the record contains substantial evidence to support the jury's finding that Wilson's driving was reckless. Before addressing causation, we turn briefly to the evidence supporting the eluding alternative.

The jury was given the following definition of eluding:

> The term, "eluding" or "attempting to elude" . . . means the driver fails to bring a motor vehicle to a stop or otherwise eludes or attempts to elude a marked official law enforcement vehicle driven by a uniformed peace officer after being given a visual and audible signal to stop. The visual signal must be by flashing red light or flashing red and blue lights and the audible signal must be by siren.

It is undisputed that Wilson refused to stop in response to the siren and flashing lights. Testifying at trial, Wilson conceded he knew there was a marked law enforcement vehicle behind him, he heard the sirens, he did not pull over, and he did not apply his brakes. *See State v. Truesdell*, 679 N.W.2d 611, 616 (Iowa 2004) (finding sufficient evidence based in part on the defendant's admission); *State v.*

*Evenson*, No. 14-0168, 2015 WL 1848719, at *3 (Iowa Ct. App. Apr. 22, 2015) ("The critical act is continuing to drive away or taking evasive action after receiving obvious direction to stop from law enforcement."). Substantial evidence supports the finding of eluding.

Having found sufficient evidence to support both alternatives, we are ready for the question of causation. The definition of "cause" given to the jury stated in pertinent part:

> The alleged acts or conduct of a party "caused" the alleged damage or harm when the damage or harm would not have happened except for the acts or conduct. There can be more than one cause of damage or harm. . . .
> The State must also prove that the damage or harm (in this case the death of Djuan Beverly) was within the scope of Jerell Wilson's criminal responsibility. The death or harm is within the scope of criminal responsibility if that death arises from the same types of danger created by Jerell Wilson's act or acts. You should consider whether repetition of Jerell Wilson's act or acts would make it more likely that the harm or death would happen to another. If Jerell Wilson's act or acts would not make death more likely to occur, they are not within the scope of his criminal responsibility.
> Sole cause is the only cause. The State does not need to prove the act or acts of Defendant Jerell Wilson were the sole or only cause; however, the State is required to prove the act or acts were a cause.

The jury's finding of causation under both alternatives was supported by substantial evidence. Specifically, the State's crash reconstruction expert reviewed the video of the chase and summarized the role speed played in hitting the dip in the road. The expert opined "[e]xcessive speed" caused the crash. We conclude Wilson's attorney did not breach an essential duty in failing to move for judgment of acquittal on this basis.

### II.     Merger of Operating While Intoxicated and Eluding Convictions

Wilson contends "[t]he district court entered an illegal sentence in failing to merge the Count 1 conviction for operating while intoxicated into the Count 2 conviction for eluding."  *See* Iowa Code § 701.9 (requiring merger of lesser included offenses).  The State concedes the issue may be raised at any time.  *See State v. Mulvany*, 600 N.W.2d 291, 293 (Iowa 1999) ("[T]he error preservation rule does not apply to a defendant's statutory claim of an illegal sentence under Iowa Code section 701.9.").  Proceeding to the merits, the threshold question is whether it is legally impossible to commit the greater crime without also committing the lesser.  *State v. Stewart*, 858 N.W.2d 17, 21 (Iowa 2015).  "If the greater offense is defined alternatively and the State charges both alternatives, the test for included offenses must be applied to each alternative."  *State v. Hickman*, 623 N.W.2d 847, 851 (Iowa 2001).

The greater offense in this case was felony eluding, defined for the jury as follows:

> Element 1. On or about the 11th day of November 2016, in Woodbury County, Iowa, Defendant Jerell Wilson was driving a motor vehicle.
> Element 2. At that time, Defendant Jerell Wilson willfully failed to bring a motor vehicle to a stop, eluded or attempted to elude a marked official law enforcement vehicle driven by a uniformed peace officer after being given a visual and audible signal to stop.  The visual signal must be by flashing red or flashing red and blue lights, and the audible signal must be by siren.
> Element 3. In doing so, Defendant Jerell Wilson exceeded the speed limit by 25 miles per hour or more.
> Element 4. At that time:
> a. Defendant Jerell Wilson was operating the motor vehicle under the influence of a drug or had any amount of marijuana or any metabolite of marijuana present as measured in his blood or urine.; or

     b. The acts of Defendant Jerell Wilson as set out in Element Nos. 1, 2, and 3 above resulted in a bodily injury to another person; or

     c. Defendant Jerell Wilson was in possession of marijuana; or

     d. Defendant Jerell Wilson was participating in the public offense of Possession with Intent to Deliver Marijuana.

Wilson was charged with four alternatives under element 4: (1) operating a motor vehicle while under the influence of a drug, (2) acts resulting in bodily injury to another person, (3) possession of marijuana; or (4) participation in the public offense of possession with intent to deliver marijuana. *See* Iowa Code § 321.279(3) (a), (b), (c). The jury found the State proved the first two alternatives.

The lesser offense was operating while intoxicated, defined for the jury as follows:

     Element 1. On or about the 11th day of November, 2016, in Woodbury County, Iowa, Defendant Jerell Wilson operated a motor vehicle:
     a. while under the influence of a drug; or
     b. while any amount of marijuana or any metabolite of marijuana was present as measured in his blood or urine.

Wilson submits that "because the legal elements test for lesser-included-offenses is satisfied on the OWI alternative of the Count 2 Eluding offense, merger is required." But, as the State points out, "the jury specifically found Wilson guilty of a version of felony eluding that does not contain OWI as a lesser included offense." Because the jury found Wilson guilty under the bodily injury alternative of eluding as well as the OWI alternative, we agree with the State that "merger is not required."

Our analysis could end with the legal elements test. However, this court has gone a step further. In *State v. Eckrich*, 670 N.W.2d 647, 649 (Iowa Ct. App.

2003), we resolved the question of whether OWI was a lesser included offense of eluding by examining legislative intent.  We concluded "[b]ecause there is clear legislative intent to authorize multiple punishments . . . , [the defendant's] claim as to a double jeopardy violation would fail even with his assertion that OWI and possession are lesser-included offenses of felony eluding." *Eckrich*, 670 N.W.2d at 650.

We conclude the district court did not err in failing to merge the OWI conviction with the eluding conviction. Wilson's judgment and sentences are affirmed.

**AFFIRMED.**