# IN THE COURT OF APPEALS OF IOWA

No. 19-0109
Filed March 18, 2020

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**IRVIN JOHNSON, JR.,**
       Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, David F. Staudt, Judge.

A defendant appeals his convictions for felony eluding and marijuana possession, contending they should merge. **CONVICTIONS VACATED IN PART AND REMANDED FOR CORRECTION OF ILLEGAL SENTENCE.**

Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**TABOR, Judge.**

Irvin Johnson Jr. contends his serious-misdemeanor convictions for possessing marijuana were "necessarily included" in his felony convictions for eluding—enhanced based on marijuana possession. He argues the district court should have entered judgment only on the greater offenses. *See* Iowa Code § 701.9 (2017). This merger question hinges on whether our legislature intended cumulative punishments. Because we find no clear legislative intent to impose double punishment, we conclude the serious misdemeanors should merge into the felonies. We remand for correction of Johnson's illegal sentence.

## I.       Facts and Prior Proceedings

This appeal involves two criminal files. The first case originated in May 2017, when Waterloo police tried to stop Johnson for driving while his license was barred. Johnson ignored the officer's lights and sirens and sped away—driving thirty miles per hour over the speed limit. After the chase, officers found marijuana near the driver's side door.

The second case started in February 2018 when police again tried to stop Johnson for driving while barred. Johnson drove sixty miles per hour in a twenty-five-mile-per-hour zone to evade the officer. The officer saw Johnson toss a baggie from his window before the suspect lost control and hit a tree. Later testing revealed the baggie contained marijuana.

In both cases, the State charged Johnson with felony eluding while possessing marijuana, in violation of Iowa Code section 321.279(3)(b), a class "D" felony, and possession of marijuana, in violation of Iowa Code section 124.401(5),

a serious misdemeanor.[1]  After accepting his guilty pleas, the court imposed concurrent terms of five years for the felonies and 180 days on the misdemeanors. Johnson now challenges those sentences as illegal.

## II.     Scope and Standards of Review

Johnson alleges both a double jeopardy violation and a statutory merger problem under section 701.9.  *See State v. West*, 924 N.W.2d 502, 505 (Iowa 2019) (recognizing statutory merger of lesser included offense into greater offense relates to double jeopardy though West did not raise a constitutional claim).  We review statutory claims for errors at law.  *Id.* at 504.  But because Johnson also raises a constitutional issue, our review is de novo.  *See State v. Lewis*, 514 N.W.2d 63, 68 (Iowa 1994).

## III.     Analysis

To address Johnson's claim, we look to Iowa's merger statute, which codifies the double jeopardy protection against cumulative punishments.  *See State v. Halliburton*, 539 N.W.2d 339, 344 (Iowa 1995).  That statute provides: "No person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted."  Iowa Code § 701.9.  The sticky question is what the legislature meant by "necessarily included."  *West*, 924 N.W.2d at 505, 512 (explaining that phrase contains "a heavy dose of ambiguity").

Distilled down, "the question of whether an offense is necessarily included in a greater offense is a question of legislative intent."  *Id.*  Our quest for legislative

---

[1] The State also charged Johnson with driving while barred and another marijuana-possession count under the accommodation statute—offenses he does not challenge on appeal.

intent takes two steps. *Halliburton*, 539 N.W.2d at 344. First, we decide whether the crimes meet the legal elements test for lesser included offenses, known as the *Blockburger* test.[2] *State v. Gallup*, 500 N.W.2d 437, 441 (Iowa 1993). That test is "a tool in the analysis but is not solely determinative" of what punishment the legislature intended to impose. *West*, 924 N.W.2d at 512. If a person cannot commit the greater offense without committing the lesser offense, we presume the legislature intended them to merge. *West*, 924 N.W.2d at 507. But the State can overcome that presumption by showing "a clear expression of legislative intent to impose multiple punishments." *Id.*; *see also State v. Burgos*, 155 A.3d 246, 278 (Conn. Ct. App. 2017) (placing burden on the State to rebut the presumption created under the *Blockburger* test).

The clearest expression of legislative intent is an explicit statement in the criminal statute that the drafters intended multiple punishments despite an identity of elements. *See, e.g.*, *Missouri v. Hunter*, 459 U.S. 359, 362 (1983) (analyzing state statute that stated sentence for crime of armed criminal action "shall be in addition to any punishment provided by law for the crime committed by, with, or through the use, assistance, or aid of a dangerous or deadly weapon"). But we may also divine legislative intent to permit multiple punishments from the overall sentencing scheme. *West*, 924 N.W.2d at 511–12.

The State concedes it would be impossible to commit felony eluding in violation of section 321.279(3)(b) (eluding enhanced to a felony for possessing

---

[2] *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

marijuana under section 124.401) and not also violate section 124.401 (possession of marijuana). So the inquiry turns to whether the legislature intended multiple punishments.

When considering this second step, Iowa courts have identified factors that signal a legislative intent to impose cumulative punishments. A key factor is the classification of the offense. If the legislature classified both the greater offense and the lesser offense as class "D" felonies, the lawmakers likely intended the offender suffer double punishment. *See Halliburton*, 539 N.W.2d at 344 (reasoning legislature intended to punish both possession of an offensive weapon by a felon and possession of an offensive weapon); *Lewis*, 514 N.W.2d at 69 (finding a legislative intent to punish defendant for both criminal gang participation and the underlying criminal act of terrorism).

The legislative intent to punish both offenses appears even stronger when the penalty for the lesser-included offense is more severe than the sentence for the greater offense. *See, e.g.*, *West*, 924 N.W.2d at 512 (rejecting merger of lesser offense of delivery of a controlled substances (a class "C" felony) into greater offense of involuntary manslaughter (a class "D" felony)); *Gallup*, 500 N.W.2d at 443 (holding lesser offense of delivery (carrying twenty-five year sentence) did not merge into drug-tax stamp offense (carrying five-year sentence)). In these instances, if the legislature did not intend cumulative punishment, "there would be little point to the greater offense." *West*, 924 N.W.2d at 511.

Another clue that the legislature expected cumulative punishment lies in differing aims of the two statutes. *Id.* at 510. For instance, our supreme court reasoned the code sections at issue in *Halliburton* focused on different dangers—

section 724.3 on harmful weapons and section 724.26 on harmful persons—so the legislature intended both crimes to carry a separate sting. 539 N.W.2d at 344–45. Similarly, in *State v. Reed*, the court found an intent for cumulative sentences because the ongoing-criminal-conduct statute focused on reducing the economic power of those profiting from illegal business, while section 124.401 sought to curtail the trafficking of controlled substances. 618 N.W.2d 327, 336 (Iowa 2000).

With that merger test fresh in mind, we turn to the offenses at issue. As the State notes, we addressed a similar included-offense inquiry in *State v. Rice*, 661 N.W.2d 550 (Iowa Ct. App. 2003). The question in *Rice* was whether operating while intoxicated (OWI) merged into eluding, enhanced to a felony because the driver was exceeding the speed limit by twenty-five miles per hours while impaired. *Id.* at 551. We found a clear legislative intent to impose cumulative punishment for both eluding, a class "D" felony, and second-offense OWI, an aggravated misdemeanor. *Id.* at 551–52. We reasoned both provisions "were designed for the protection of the public" but we saw some daylight between them because "each statute was meant to protect against a different form of illegal conduct." Id. at 551. Ultimately, we concluded merger "would thwart the legislative design of 321J.2 and its subparts, which detail a number of offense-specific sentencing provisions, including mandatory minimums and subsequent-offense enhancements." *Id.* at 552.

Faced with a similar set of facts in *State v. Eckrich*, we followed *Rice* in deciding the defendant's separate convictions for felony eluding, operating while intoxicated, and possession of a controlled substance would stand. 670 N.W.2d 647, 648 (Iowa Ct. App. 2003). *Eckrich* inferred legislative intent for cumulative

punishment by noting the sanctions for eluding did not include several punishments specific to OWI including driver's license revocation, substance-abuse evaluation and treatment, and a drinking driver's course. *Id.* at 649–50. *Eckrich* also noted section 901.5(10) required license revocation of any person convicted under section 124.401. *Id.* at 650.

In this appeal, Johnson argues *Eckrich* is no longer valid because the legislature amended section 901.5(10) to strike the automatic revocation of a driver's license for convictions under section 124.401. *See* 2018 Iowa Acts ch. 1172, § 102. Johnson asserts the amendment leaves no penalties applying to the possession offense that do not apply to felony eluding.

The State contests that assertion—noting renumbered Iowa Code sections 901.5(10) and (11) continue to give district courts discretion to deny federal and state benefits to people convicted of drug possession. The State also points out the $10 drug abuse resistance education (DARE) surcharge and the $125 law enforcement initiative surcharge apply to drug convictions but not eluding. *See* Iowa Code §§ 911.2, 911.3. Finally, the State notes people convicted of drug possession are subject to subsequent-offense enhancements if they violate the statute again. *See* Iowa Code § 124.401(5). The State believes that enhancement scheme shows the legislature's intent to punish both offenses. *See Rice*, 661 N.W.2d at 552.

Having weighed the parties' positions, we turn to the core question. Has the State overcome the presumption of merger under the *Blockburger* elements test by showing a clear expression of legislative intent to impose multiple punishments? After the recent amendment of section 901.5, it is less clear the

legislature intended double punishment. *Eckrich* found legislative authorization for multiple punishments because merger would have insulated the marijuana offender from automatic license revocation. 670 N.W.2d at 650. With that added penalty off the table, the legislature likely believed that using the driver's possession of marijuana to enhance the eluding offense from a misdemeanor to a felony was penalty enough. As it now stands, the legislative intent to impose cumulative punishment for eluding and mere possession of marijuana is far from clear.

We note the legislature did not make its intent explicit in the code. *Cf. Hunter*, 459 U.S. at 362. We thus turn to the interpretive approach in *West*, where our supreme court recently reinforced its commitment to the logic of *Gallup* and *Halliburton*. *See* 924 N.W.2d at 512. Unlike those cases, the asymmetrical classification of felony eluding and serious-misdemeanor drug possession does not reveal a legislative intent to punish both. Here, the greater offense retains its full effect after merger. *Contrast id.* at 511 (rejecting merger because "lesser" crime had greater penalty). And unlike those cases, these statutes are not aimed at combatting different evils. Felony eluding focuses on dangerous driving, deemed more dangerous because the driver possesses marijuana. The danger posed by marijuana possession alone is subsumed in that felony enhancement. Unlike *West*, *Gallup*, and *Halliburton*, the State offers little to show the legislature's clear intent to punish possession of marijuana over and above felony eluding enhanced based on the possession of marijuana.

If anything, the State misreads *Rice* and *Eckrich* as holding that *any* divergence in the sanctions for the lesser offense from that of the greater offense

would reflect a clear legislative intent to impose cumulative punishments. First, *Rice* addresses the unique array of offense-specific sentencing provisions in chapter 321J and does not bind our decision here. Second, *Eckrich* mentions only license suspension as the extraneous penalty for drug possession. With the 2018 legislative amendment, that penalty is gone. When the legislature enacts a statute, we assume "it is aware of the state of the law." *Rhoades v. State*, 880 N.W.2d 431, 446 (Iowa 2016). This legislative history suggests a return to the presumption that possession of marijuana, as a necessary included offense of felony eluding, is subject to merger under section 701.9.

Finally, we are not convinced the legislature signaled its clear intent for cumulative punishment only by applying $135 in surcharges to serious misdemeanor drug possession and not to felony eluding. *See* Iowa Code §§ 911.2, 911.3. In addition, the mere possibility that the sentencing court would exercise its discretion to deny federal or state benefits or that the offender may avoid a later recidivism enhancement if they again violate section 124.401(5) are not obvious indicators of the legislative intent to allow cumulative punishments for marijuana possession and felony eluding.

After examining the language of the statutes and the legislative history, we conclude the State failed to rebut the presumption created by the *Blockburger* test that marijuana possession was a necessarily included offense of felony eluding enhanced by the driver's possession of marijuana. These offenses must merge under section 701.9 and the double jeopardy clause.[3]

**CONVICTIONS VACATED IN PART AND REMANDED FOR CORRECTION OF ILLEGAL SENTENCE.**

---

[3] Because Johnson is entitled to a resentencing as a result of a direct appeal, the convictions for possession of marijuana are vacated. This disposition is consistent with the recent supreme court case of *Sahinovic v. State*, ___ N.W.2d ___, ___ n.3, 2020 WL 1069494, at *4 (Iowa 2020), and our conclusion in the unpublished case *State v. Henderson*, No. 18-1426, 2019 WL 2872314, at *4 (Iowa Ct. App. July 3, 2019).