# IN THE SUPREME COURT OF IOWA

No. 19–0109

Submitted September 17, 2020—Filed October 16, 2020

**STATE OF IOWA,**

Appellee,

vs.

**IRVIN JOHNSON JR.,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Black Hawk County, David F. Staudt, Judge.

The State seeks further review of a court of appeals decision holding that convictions for possession of marijuana merged with convictions for felony eluding with marijuana. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AND SENTENCE AFFIRMED.**

Waterman, J., delivered the opinion of the court, in which all justices joined.

Martha J. Lucey, State Appellant Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Timothy M. Hau, Assistant Attorney General, Brian J. Williams, County Attorney, and Jeremy L. Westendorf, Assistant County Attorney, for appellee.

**WATERMAN, Justice.**

In this appeal, we must decide whether the defendant's convictions for misdemeanor possession of marijuana merge with his convictions for felony eluding while possessing marijuana. The defendant threw marijuana out his car window during two separate police chases. He pled guilty to both possession of marijuana and eluding with marijuana, and the district court imposed concurrent sentences. He appealed, arguing the possession convictions merged with the eluding charges.

The State concedes that under the legal-elements test, it is impossible to commit felony eluding with marijuana without possessing it. The State argues the statutory scheme nevertheless demonstrates the legislature intended cumulative punishments for these offenses. Following transfer, the court of appeals held that the convictions merged in light of 2018 legislation eliminating the automatic revocation of driving privileges for possession of marijuana. The State applied for further review, and we granted its application.

On our review, we hold the convictions do not merge. The legal-elements test for merger is satisfied, but we disagree with the court of appeals' holding that elimination of the automatic license penalty for possession requires merger. The remaining penalties and enhancements for possession demonstrate the legislature has prescribed cumulative punishments for the two offenses. Accordingly, for the reasons elaborated below, we vacate the decision of the court of appeals and affirm the district court's judgment and sentences.

## I. Background Facts and Proceedings.

This case arises from two separate police chases. On May 24, 2017, Waterloo Police Officer Tyler Brownell saw Irvin Johnson Jr. driving on Franklin Street. Officer Brownell recognized the vehicle and knew that

Johnson's driver's license remained barred due to his status as a habitual offender.

Officer Brownell turned on his emergency lights to initiate a traffic stop. When Johnson failed to pull over, Officer Brownell activated his siren. Johnson sped away and, during the ensuing pursuit, drove through three stop signs while exceeding fifty-five miles per hour in a twenty-five-mile-per-hour zone. The auto chase ended after Johnson made a hard turn into a driveway, sideswiped a parked vehicle, and fled on foot, jumping a tall fence while ignoring Officer Brownell's shouts to stop. Another officer found Johnson in an alley and arrested him.

Officer Brownell noted the vehicle interior smelled of "fresh" marijuana but found none inside. He searched near the vehicle and found an orange prescription pill bottle containing marijuana buds. Although the ground was wet, the bottle had no condensation, leading Officer Brownell to conclude the bottle had just landed there.

The second chase happened on February 16, 2018. Waterloo Police Officer Andrew Tindall was driving a marked squad car and noticed Johnson driving a gray Nissan SUV. Officer Tindall knew Johnson's driver's license remained barred. Officer Tindall drove behind Johnson and activated his emergency lights. Johnson rapidly accelerated, and Officer Tindall activated his sirens and pursued.

During this chase, Johnson drove approximately sixty miles per hour in a twenty-five mile-per-hour zone and ran three stop signs. Officer Tindall saw Johnson toss a small plastic bag out of the window and radioed the location, where another officer found the bag containing marijuana. The chase ended when Johnson lost control of the Nissan, struck a tree, and was apprehended.

For each incident, the State charged Johnson with felony eluding while possessing marijuana, in violation of Iowa Code section 321.279(3) (2017); driving while barred, in violation of sections 321.561 and 321.555; and possession of marijuana, first offense, in violation of section 124.401(5). In one case, Johnson pled guilty to all three counts. In the other, Johnson pled guilty to felony eluding while possessing marijuana and possession of marijuana, and the district court dismissed the driving-while-barred charge. In both cases, the district court accepted Johnson's guilty pleas and imposed concurrent sentences of five years for the felonies and 180 days for the misdemeanors.

Johnson appealed, contending the marijuana possession convictions must merge with the eluding convictions. We transferred the case to the court of appeals, which vacated his convictions in part and remanded for correction of an illegal sentence. The court of appeals determined that the marijuana possession charges were necessarily included offenses of felony eluding enhanced by the driver's possession of marijuana. As such, the court of appeals held that "these offenses must merge" and vacated Johnson's convictions for possession of marijuana. The State applied for further review, and we granted its application.

## II.  Standard of Review.

We review an alleged failure to merge convictions as required by statute for correction of errors at law. *State v. West*, 924 N.W.2d 502, 504 (Iowa 2019); *State v. Love*, 858 N.W.2d 721, 723 (Iowa 2015). We review constitutional double jeopardy claims de novo. *State v. Lindell*, 828 N.W.2d 1, 4 (Iowa 2013).

## III.  Analysis.

We must decide whether Johnson's serious misdemeanor convictions for possession of marijuana in violation of Iowa Code section

124.401(5) merge with his felony convictions for eluding while possessing marijuana in violation of section 321.279(3)(*b*).

We begin with the applicable statute governing merger. Iowa Code section 701.9 provides, "No person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted." "This statute codifies the double jeopardy protection against cumulative punishments." *State v. Halliburton*, 539 N.W.2d 339, 344 (Iowa 1995).[1] "The Double Jeopardy Clause prohibits multiple punishments for the same offense" and thereby "prevents a court from imposing a greater punishment than the legislature intended." *Id.* The legislature defines the offenses and can provide for multiple punishments for separate offenses that apply to the same conduct. *See Gamble v. United States*, 587 U.S. ___, ___, 139 S. Ct. 1960, 1965 (2019) (reiterating that the double jeopardy right "protects individuals from being twice put in jeopardy 'for the same *offence*,' not for the same *conduct* or *actions*' " (quoting *Grady v. Corbin*, 495 U.S. 508, 529, 110 S. Ct. 2084, 2097 (1990) (Scalia, J., dissenting), *overruled on other grounds by United States v. Dixon*, 509 U.S. 688, 704, 113 S. Ct. 2849, 2860 (1993))). "If the Double Jeopardy Clause is not violated because the legislature intended double punishment, section 701.9 is not applicable and merger is not required." *Halliburton*, 539 N.W.2d at 344.

When determining whether the legislature provided for double punishments, our first step is to apply the legal-elements test that compares "the elements of the two offenses to determine whether it is

---

[1]The Double Jeopardy Clause of the United States Constitution provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V. The Iowa Constitution provides: "No person shall after acquittal, be tried for the same offence." Iowa Const. art. I, § 12. Johnson does not request a different analysis under the Iowa Constitution.

possible to commit the greater offense without also committing the lesser offense." *Id.* The State charged Johnson with felony eluding while possessing marijuana, under section 321.279(3), and possession of marijuana, under section 124.401(5). The eluding statute provides,

> The driver of a motor vehicle commits a class "D" felony if the driver willfully fails to bring the motor vehicle to a stop or otherwise eludes or attempts to elude a marked official law enforcement vehicle that is driven by a uniformed peace officer after being given a visual and audible signal as provided in this section, and in doing so exceeds the speed limit by twenty-five miles per hour or more, and if any of the following occurs:
>
> > *a.* The driver is participating in a public offense, as defined in section 702.13, that is a felony.
> >
> > *b. The driver is in violation of section* 321J.2 or *124.401.*
> >
> > *c.* The offense results in bodily injury to a person other than the driver.

Iowa Code § 321.279(3) (emphasis added). Iowa Code section 124.401 is included as an element of the eluding statute. *Id.* Section 124.401(5), criminalizing possession of marijuana, in turn provides:

> It is unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of the practitioner's professional practice, or except as otherwise authorized by this chapter.

*Id.* § 124.401(5). There is no element of section 124.401(5) that is not included in section 321.279(3). As the State concedes, one cannot violate section 321.279(3) (eluding while possessing marijuana) without violating section 124.401(5) (possession of marijuana). Under the legal-elements test, the crimes should merge.

But our cases require a second step to the analysis: "[W]hether the legislature intended multiple punishments for both offenses." *Halliburton,* 539 N.W.2d at 344. In 2003, on this basis, the court of appeals found that

convictions for felony eluding while possessing marijuana, operating while intoxicated, and possession of marijuana did not merge. *See State v. Eckrich*, 670 N.W.2d 647, 650 (Iowa Ct. App. 2003). The court noted that marijuana possession resulted in automatic license revocation, whereas eluding while possessing marijuana did not. *Id.* The court of appeals concluded that "each statute was designed to address a separate form of illegal conduct and the punishments designed accordingly." *Id.*

However, in 2018 our legislature eliminated the automatic revocation of driving privileges upon a conviction for possession of marijuana. 2018 Iowa Acts ch. 1172, § 102 (codified at Iowa Code § 901.5 (2019)). Reasoning from this fact, the court of appeals concluded that *Eckrich* was no longer good law and the convictions should merge. The State nevertheless argues that other penalties unique to convictions under section 124.401(5) demonstrate the legislature provided for cumulative punishments for these offenses. We agree with the State.

Most importantly, merger would eliminate the subsequent-offense enhancements for marijuana possession. *See* Iowa Code § 124.401(5) (providing escalating criminal penalties for subsequent convictions).[2] In *State v. Freeman*, we determined the statutory enhancements for repeated possession convictions are intended to "deter and punish incorrigible offenders." 705 N.W.2d 286, 288 (Iowa 2005) (quoting *State v. Conley*, 222 N.W.2d 501, 503 (Iowa 1974)). In *State v. Rice*, the court of appeals held that merging eluding and a second-offense OWI "would thwart the legislative design of [the OWI statute] and its subparts, which detail a

---

[2]Iowa Code sections 124.401(5), 903.1(1)(*b*), and 903.1(2) provide that the maximum punishment for the first offense possession of marijuana is six months in jail and a fine of $1000; for a second offense, one year in jail and a fine of $1875; and for a third offense, two years imprisonment and a fine of $6250. Iowa Code section 321.279(3) (eluding while possessing marijuana) is not referenced in Iowa Code section 124.401(5) as counting as a prior offense of possession of marijuana.

number of offense-specific sentencing provisions, including mandatory minimums and subsequent-offense enhancements." 661 N.W.2d 550, 552 (Iowa Ct. App. 2003). By the same logic, it would undermine the sentencing enhancements for recidivists convicted of marijuana possession by merging that offense with eluding. If those offenses merged to vacate the possession convictions, then Johnson, if convicted of possession again, would face only the minimum six months in jail for a first offense, rather than two years imprisonment for a third offense; yet someone convicted of a third possession offense without eluding would face the two-year sentence. We cannot conclude the legislature intended those convicted of eluding with marijuana to escape subsequent enhancements that apply to those convicted of possession alone. To do so could create a perverse incentive to flee the police.

We find further indications the legislature intended multiple punishments for possession and eluding based on the other penalties or sentencing options unique to section 124.401, including the drug abuse resistance education surcharge, the law enforcement initiative surcharge, and the sentencing options to deny federal and state benefits. Iowa Code §§ 901.5(11)–(12); 911.2; 911.3.[3] Another enhancement applies for possessing or controlling a firearm while violating section 124.401, and defendants on probation can be subject to random drug testing. *Id.* § 124.401(1)(*e*), (5). All of those would be avoided if the possession conviction merged with eluding.

Additionally, Iowa Code section 124.404, entitled "Penalties under other laws" provides, "Any penalty imposed for violation of this division shall be in addition to, and not in lieu of, any civil or administrative penalty

---

[3]With the legislature's elimination of the revocation provision, these subsections are now (10)–(11). 2018 Iowa Acts ch. 1172, § 102 (codified at Iowa Code § 901.5 (2019)).

or sanction otherwise authorized by law."[4] This provision does not expressly refer to criminal sanctions, but those arguably are included in the phrase "any sanction otherwise authorized by law." This interpretation makes sense because the preceding phrase mentions *civil* and *administrative* penalties, leaving only *criminal* sanctions to complete the scope of the provision. If not construed to include other criminal laws, the phrase would be surplusage. The State argues section 124.404 shows the legislature "intends multiple punishments for criminal possession of a controlled substance, even where that crime is used to aggravate another." The Georgia Court of Appeals interpreted an identically worded statute to hold its legislature intended multiple criminal punishments arising from the same acts. *Head v. State*, 285 S.E.2d 735, 738 (Ga. Ct. App. 1981) (discussing Georgia Code of 1933, section 79A–823 (subsequently renumbered to section 16-13-44 by 1974 Georgia Laws 221)).[5] The *Head* court stated, "[A]lthough the statute refers to civil penalties, it is clear the legislature intended that no conflict was to be inferred between the penalties of the Act and any other penalties of the law." *Id.* We agree. Iowa Code section 124.404 is akin to a savings statute or antimerger provision that preserves the unique enhancements and other penalties of the subchapter notwithstanding any sanctions imposed by other laws.

---

[4]Iowa Code section 124.404 is part of the Uniform Controlled Substances Act adopted by the Iowa legislature. *Compare* Iowa Code § 124.404 *with* Unif. Controlled Substances Act § 404, 9 U.L.A. 5, at 890 (1970). The same provision is found in the Federal Controlled Substances Act. Controlled Substances Act, 21 U.S.C.A. § 847 (1970). The purpose of these provisions is to promote uniformity of drug law enforcement between the states and federal government. Drug Abuse Study Comm. to the Sixty-Fourth Gen. Assembly of the State of Iowa, *Final Report of the Drug Abuse Study Committee to the Sixty-Fourth General Assembly of the State of Iowa* 1 (1971).

[5]The Georgia statute provides, "Any penalty imposed for violation of this article is in addition to, and not in lieu of, any civil or administrative penalty or sanction otherwise authorized by law." Ga. Code Ann. § 16-13-44 (West 1974).

Another reason we decline to merge these offenses is that eluding and drug possession statutes address distinct dangers. We have declined to merge offenses when the underlying statutes focus on "different dangers." *Halliburton*, 539 N.W.2d at 345. Eluding and an OWI, for example, "were designed for the protection of the public" but were "meant to protect against a different form of illegal conduct." *Rice*, 661 N.W.2d at 551. The *Eckrich* court in declining to merge eluding, possession, and operating while intoxicated offenses, stated that it is "quite evident that each statute was designed to address a separate form of illegal conduct and the punishments designed accordingly." *Eckrich*, 670 N.W.2d at 650. Eluding is criminalized to protect society against dangerous driving. Eluding also penalizes defiance of the law and deters fleeing the police to avoid capture for other crimes. By contrast, possession of marijuana is criminalized "to protect the public at-large from substance abusers." *State v. Caquelin*, 702 N.W.2d 510, 513 (Iowa Ct. App. 2005). The different purposes served by the eluding and possession statutes further support our conclusion that Johnson's convictions do not merge.

## IV. Disposition.

For those reasons, we vacate the decision of the court of appeals and affirm the district court's judgment and sentence.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AND SENTENCE AFFIRMED.**