# IN THE COURT OF APPEALS OF IOWA

No. 20-0491
Filed June 30, 2021

**STATE OF IOWA,**
  Plaintiff-Appellee,

**vs.**

**UNDRAY JERMAINE REED,**
  Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Linda M. Fangman, Judge.

Undray Jermaine Reed appeals his conviction for eluding. **AFFIRMED.**

Scott M. Wadding of Sease & Wadding, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., Mullins, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**GAMBLE, Senior Judge.**

Undray Jermaine Reed appeals his conviction for eluding. Because Reed raises an issue not presented to the district court, we are unable to address it. We therefore affirm.

On April 24, 2015, a trial information charged Undray Reed in three counts: count I, eluding and being an habitual offender, a class "D" felony; count II, possession of a controlled substance, methamphetamine, third offense and being a habitual offender; and count III, driving while license revoked. He was convicted on all counts.

On his first appeal involving these convictions, appellate counsel challenged his conviction on count II only, contending the prosecution improperly vouched for a witness's credibility during closing rebuttal argument. *See State v. Reed*, No. 16-1673, 2017 WL 3525175, at *2–3 (Iowa Ct. App. Aug. 16, 2017). This court reversed the conviction and remanded for a new trial on that count. *Id.* at *4.

Before retrial, Reed filed an application for postconviction relief (PCR), asserting appellate counsel was ineffective in not also challenging his convictions for eluding or driving while revoked. *Reed v. State*, No. 18-0561, 2019 WL 2872278, at *2 (Iowa Ct. App. July 3, 2019). The PCR court agreed but concluded it did not have authority to grant Reed relief. *Id.* Reed appealed that decision, and we concluded the PCR court was wrong in its belief it had no authority to grant a new trial. *Id.* at 4. "We reverse[d] the decision of the district court and remand[ed] for the entry of a postconviction order vacating Reed's convictions and granting him a new trial on his charges of eluding and driving while revoked." *Id.*

On October 23, 2017, the State's motion to dismiss count II was granted. The charges of eluding and driving revoked were scheduled for retrial. Reed filed a motion to dismiss. Defense counsel argued,

> Since the State dismissed count II, there is no longer a felony. And count I standing by itself would not be a felony without a public— another public offense of a felony nature. So count II being dismissed, there is no basis to have . . . count I as a felony. It should be, therefore, an aggravated misdemeanor.

The defense argued the case should be dismissed because "Mr. Reed has already served sufficient time to satisfy the misdemeanors." The court denied the motion, observing Reed was charged with eluding as a class "D" felony "because the allegations are that Mr. Reed was going [twenty-five] miles per hour or more over the speed limit and he was in violation of Iowa Code section 321J.2 or 124.401 (2015)." *See* Iowa Code § 321.279(3).[1]

> So the fact that count II has been dismissed by the State is completely not relevant to count I. Just like there did not need to be an OWI charge and there was never an OWI charge, there also does not need to be a possession charge under 124.401 for the State to go forward with eluding.
> I understand that the case was returned for vouching. It was not returned because there was a problem with the legal instruction

---

[1] Section 321.279(3)(a) provides:
> The driver of a motor vehicle commits a class "D" felony if the driver willfully fails to bring the motor vehicle to a stop or otherwise eludes or attempts to elude a marked official law enforcement vehicle that is driven by a uniformed peace officer after being given a visual and audible signal as provided in this section, and in doing so exceeds the speed limit by twenty-five miles per hour or more, and if any of the following occurs:
> (1) The driver is participating in a public offense, as defined in section 702.13, that is a felony.
> (2) The driver is in violation of section 321J.2.
> (3) The driver is in violation of section 124.401.
> (4) The offense results in bodily injury to a person other than the driver.

or the law in this particular case. If you'll review the jury instructions on the eluding, the jury was instructed that they had to find that Mr. Reed was the driver of a motor vehicle, that he failed to bring the motor vehicle to a stop, that there was a marked official law enforcement vehicle being driven by a uniformed police officer. They were told that if they found that, he was guilty of eluding. If they found him guilty of eluding, they should then answer the special interrogatories on that verdict form.

And Special Interrogatory 1 asks: "Did Undray Reed exceed the speed limit by [twenty-five] miles per hour or more?" And they were given the opportunity to say yes or no. Special Interrogatory 2 said: "Was Undray Reed in possession of a controlled substance? Yes or no." And Special Interrogatory No. 3 was: "Was Undray Reed under the influence of drugs? Yes or no." Those are the questions that they had to answer for the enhancement. It does not matter whether there is—even is a count II because count II is not dependent on count I and vice versa.[2]

In his motion to reconsider, the defense asserted:

10. To allow the State to now use the elements of the possession charge to try Mr. Reed again, after the State has chosen to dismiss that charge, would be highly prejudicial to Mr. Reed and would deny him a fair trial.
11. Without a current felony, eluding, and exceeding the speed limit by twenty-five (25) miles or more, is only an "aggravated misdemeanor" and Mr. Reed has already served enough time to have satisfied a sentence imposed for an aggravated misdemeanor.

The court denied the motion to reconsider. Reed's application for interlocutory appeal was denied.[3]

---

[2] *See, e.g., State v. Eckrich*, 670 N.W.2d 647, 649 (Iowa Ct. App. 2003) ("[U]nder section 321.279(3), the crime of eluding becomes a class "D" felony if a person, while both failing to yield and exceeding the speed limit by twenty-five miles per hour, also commits a felony or violates Iowa Code section 321J.2 or 124.401 or if bodily injury results to another. In this case, because Eckrich's conduct fell under section 321.279(3), his act of "eluding" rose from a serious misdemeanor to a class "D" felony.").

[3] In his application, Reed asserted the court's ruling "involves substantial rights, such as his Constitutional right to a fair trial." The application continued, "The undersigned attorney believes that since there is no charge for a current public offense, that would be a felony, the State is prohibited from using the language in Iowa Code [section] 321.279(3)."

The jury was instructed on felony eluding with two alternatives, "possession of a controlled substance" or "under the influence of drugs." The jury found Reed guilty of both.[4] Reed stipulated to being a habitual offender. The district court imposed but suspended a fifteen-year term of imprisonment. Reed appeals.

For the first time, Reed contends the retrial violated double jeopardy principles. Reed asserts the Double Jeopardy Clauses of the Fifth Amendment of the United States Constitution and article I, section 12 of the Iowa Constitution, along with Iowa Code section 816.3, bar the prosecution of felony eluding where his prior conviction for the lesser-included offense of possession of methamphetamine was reversed on appeal and dismissed by the State. The State argues Reed failed to preserve this issue for review.

"Error preservation is a fundamental principle of law with roots that extend to the basic constitutional function of appellate courts." *State v. Harrington*, 893 N.W.2d 36, 42 (Iowa 2017). "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). We do not consider issues for the first time on appeal and therefore only resolve issues preserved for appeal. *See DeVoss v. State*, 648 N.W.2d 56, 63 (Iowa 2002) ("[W]e hold that we will not consider a substantive or procedural issue for the first time on appeal."). The district court rejected Reed's contention that Iowa Code section 321.279(3) required a defendant to be charged for both eluding and an underlying felony. The district court was not presented with a double jeopardy

---

[4] Reed was also convicted of driving while revoked. He does not challenge this conviction.

claim and thus did not rule on it. Because the double jeopardy claim was not raised nor ruled on below, it is not properly before this court. *See Eckrich*, 670 N.W.2d at 649 (limiting discussion to "the *asserted* double jeopardy as it relates to the imposition of multiple punishments and merger of sentences" (emphasis added)). We therefore affirm.

**AFFIRMED.**